DUNHAM and DANIELS *against* THE TRUSTEES OF
THE VILLAGE OF ROCHESTER.

An act au-      THIS cause came from a justice's court of the county of
thorizing the
trustees    of  Monroe.   The action in the court below was debt by the
a village corpo-  trustees against D. and D. for keeping a huckster's shop and
ration to make
by-laws  rela-  gin shop, in violation of the following by-laws of the village :
tive to huck-   " And be it enacted, that all petty grocers, hucksters and
sters ; and to
pass such pru-  victuallers, (public innkeepers excepted,) in said village,
dential    by-  shall be licensed by the trustees of the same ; and every
laws  for  the
good   govern-  person keeping a grocer's, huckster's or victualling shop
ment  of   the
village,   &c.  without such license, shall, for each and every offence, for-
as  they  may   feit and pay a fine of five dollars, for each and every day he,
deem necessa-
ry, not incon-  she or they shall keep such grocery, huckster or victualling
sistent with the
laws   of  the  shop ; and each and every keeper or keepers of any petty
state       or
United States, (e. g. the act incorporating Rochesterville, sess. 40, ch. 96,) does not authorize
them to pass a law that hucksters shall take and pay for a licence of the trustees under
a penalty ; especially where it does not appear expressly that prudence required the
by-law.
Such a law is in restraint of trade ; and, as such, contrary to the general principles of the
laws of the state.
Corporations must show their power to pass by-laws ; and bring themselves by proof within
that power.
A by-law in restraint of trade, is, in general, void.
By-laws must be reasonable.

grocery, huckster or victualling shop, who shall sell any spirituous liquors, unless he, she or they have a town license, shall forfeit his, her or their license." This by-law was passed in 1818.

The other by-law passed May 12th, 1825, and is in the words following : " Resolved that grocers, keepers of victualling houses, gin shops and huckster's shops, and street pedlars, to be taxed for a license for the present year, from five to thirty dollars, at the discretion of the president, and enter into such bonds as the president shall deem sufficient." The plaintiffs claimed fifty dollars for ten penalties.

It was admitted by the defendants, that they had kept, since the month of April, 1825, till the commencement of the suit, a shop in the village of Rochester, wherein they sold by retail, dried herring, and all kinds of salt fish, pepper, alspice, sugar, coffee, tea, tobacco, segars and snuff. They occasionally bought and sold butter, potatoes and cucumbers. They kept and sold liquors of all kinds, including beer by retail, for which they had a town license. They butchered and sold in the shop from 8 to 12 quarters of mutton and lamb daily. The value of the articles, exclusive of meat kept for sale in the store, varied from one to two hundred dollars. The action before the justice was commenced July 1st, 1825. He rendered judgment, for the plaintiffs, for fifty dollars. It was admitted that the defendants had never taken any license, or given any bond according to the requisition of the by-law.

*V. Matthews*, for the plaintiffs in error, cited 2 Com. Dig. 156, 159; 8 Rep. 126; 1 Ld. Raym. 498; 12 John. Rep. 122; Cowp. 640; 7 John. 134; 11 Rep. 53, 4; 2 Str. 1084, 5; Skin. 371; F. Moor, 403; Cro. Jac. 597; Rolle's Abr. 364; 1 Burr. 12; 3 id. 1322; 8 T. R. 356; 2 B. & P. 35; 1 T. R. 118; T. Raym. 288,. 9, 334; 3 Wheel. Cr. Cas. 69, 250; 3 John. Cas. 108; 1 Burr. 127; 1 Wood. Lect. 495; 3 Burr. 1832; Skin. 380, 2; Cro. Jac. 555; T. Raym. 446; 1 Str. 675; 1 Burr. 127; 2 id. 892; Cowp. 269; 5 Rep. 63; Skin. 378; T. Raym. 294.

NEW YORK,
May, 1826.

Dunham
v.
Trustees of
Rochester.

*E. Griffin*, contra, cited 3 Burr. 1838; 1 Bl. Com. 59; 1 Show. 108; Hardr. 344; 1 Inst. 235; 2 id. 222, 306; 12 Rep. 130, 1; 1 Inst. 24; Plowd. 467; id. 109; 3 Rep. 7; Hob. 346; Plowd. 36, 59; 10 Mod. 117, 282, 344; 4 Wheat. Rep. 660, 668; 18 John. 60; 1 Hamilton's Works, 118; 3 Wheel. Cr. Cas. 250; Salk. 193; 1 Kyd on Corp. 47; 3 Burr. 1847; 1 Ld. Raym. 113; 2 Com. Dig. 157, 8, 1 Cowp. 269; 1 Wheel. Cr. Cas. 29; 8 John. 418.

*Curia.* The question presented by this case, is, whether the trustees of the village of Rochester had authority to pass the by-laws in question.

The 5th section of the act incorporating the village of Rochesterville, (sess. 40. ch. 96,) provides that it shall be lawful for the trustees, &c. to make such prudential by-laws, rules and regulations, as they, from time to time, may deem meet and proper; and such particularly as are relative to the public market, streets, alleys, highways, footwalks, side walks, slaughter houses, houses of ill fame, and nuisances generally; relative to a village watch, and lighting the streets; to the restraining of dogs, swine, &c., and to the better improvement of their common lands, and real estate; relative to the inspection of weights and measures, and the assize of bread; to hay scales, public pumps, reservoirs, and for the extinguishment of fires, &c.; relative to establishing fire companies, &c.; and keeping chimnies clean and in good repair; "*relative to taverns, gin shops, and huckster shops in said village;*" and relative to any thing whatever that may concern the good government of the said village. But no such by-law shall extend to the regulating or fixing of the prices of any commodities, or articles of provisions, except the article of bread, that may be offered for sale; provided always, that such by-laws be not contrary to, or inconsistent with the laws of this state, or of the United States.

The 19th section declares the act to be a public act; and that it shall be construed in all courts of justice, within this state, benignly and liberally, to effect every beneficial purpose therein mentioned and contained.

The 6th section provides, that the trustees may ordain such reasonable fines, &c. against the offenders of such by-laws, as they may deem proper, *not exceeding $25 for any one offence.*

The power conferred, is to make such prudential by-laws rules and regulations, &c. not contrary to, or inconsistent with the laws of this state, or of the United States.

Admitting the power to limit, or prohibit altogether the erection of huckster or gin shops, if required by prudence for the good of the corporation ; it is not shown how they could be an evil, if conducted under proper regulations; nor can we see judicially that any restriction was necessary.

The authority of the corporation is a limited one. The trustees cannot arbitrarily pass what laws they please. Their laws are to be prudential ; and aimed at the correction of some probable evil. This is also conformable to the general law of corporations, which demands that their by-laws should be reasonable. (2 Kyd on corporations, 107.) For all the purposes of jurisdiction, they are like the inferior courts ; and must show the power given them in every case. If this be wanting, their proceedings must be holden void whenever they come in question even collaterally ; for they are not judicial, and subject to direct review on certiorari. (2 Kyd on corporations, 104 to 107.) This view is not inconsistent with the provision of the charter, that it shall be construed benignly and liberally, to effect every beneficial purpose therein mentioned and contained. It must be shown, in proof, that the purpose is a beneficial one within the act, before this duty of construction attaches. Nothing is to be intended in favour of jurisdiction.

But how do these by-laws stand with the general law of the state, or with the general principles of that law ? By-laws must accord with both. (2 Kyd. on corporations, 107. 109.) Hence, such by-laws as these, against trade, are said to be against the common law which favours trade ; and are not allowed except by particular custom. (id. 118, 19, 122, 124, 5, 131.)

The defendant was carrying on the business of a retail dealer in various articles ; and suppose, for the purposes of

NEW YORK,
May, 1826.

the argument, that he was a hucksterer. He was also selling gin and other spiritous liquors under a town license, founded on a public law of the state. Perhaps the corporation might do more towards regulating and restraining him from the abuse of his business to immoral, unsafe, or unhealthy purposes, &c. than could be done under any general state law. A more efficient police on these subjects was probably aimed at by the charter, than is given by the state law in the like cases. But it does not follow that any man is to depend, for the fair and innocent exercise of his business, on the will of the corporation; that they have the power of licencing his trade, at their pleasure; prohibting it altogether; or crippling it by heavy charges and grievous penalties.

Nor is the right to pass these by-laws derivable from the taxing power of the corporation. This is conferred by another part of the charter, in definite and specific terms, which, it is not pretended, reach the present case.

This being our opinion, it is not necessary to look into the by-laws to ascertain whether they are good in point of form. We are of opinion that they are void, both for want of jurisdiction, and conformity to the general law.

Judgment reversed.