The People ex rel. Clinton Larrabee, Appellant, *v.* Thomas Mulholland, Police Justice, etc., Respondent.

The common council of the city of Syracuse passed an ordinance prohibiting the peddling or delivery of milk from any vehicle in the streets, etc., of the city without a license, authorizing the mayor to grant licenses, and declaring the violation of said ordinance a misdemeanor. *Held,* that the ordinance was within the power conferred upon the common council by the charter of the city. (§§ 4, 6, chap. 63, Laws of 1857.)

Also, *held,* that said ordinance was not in conflict with the privilege of selling milk to the inhabitants of said city granted to the O. C. M. Association by its charter (chap. 102, Laws of 1872); that the franchise was simply to sell as a corporate body, and gave no more right to the corporation in that regard than its members had as individuals; and that the corporation was affected by the lawful ordinances of the city the same as an individual.

(Argued September 28, 1880; decided October 12, 1880.)

Error to the General Term of the Supreme Court in the fourth judicial department, to review judgment affirming a judgment of the police court in and for the city of Syracuse, convicting the petitioner of a misdemeanor in violating an ordinance of the common council in said city. (Reported below, 18 Hun, 548.)

The ordinance in question, which was passed in July, 1877, declared it to be unlawful for any person to peddle or deliver milk from any vehicle in any of the public streets or alleys of said city, without having first been duly licensed by the mayor, as therein provided, and that any person violating the ordinance should be adjudged guilty of a misdemeanor. It authorized the mayor to grant a license to such " persons as in his judgment shall appear proper, and the best calculated to secure to the inhabitants of said city pure and wholesome milk;" the licenses to be granted on payment of a sum not less than $5 nor more than $10 for every vehicle used for the purpose.

The relator was, at the time of the violation of the ordinance complained of, in the employ of the Onondaga Milk Association, a corporation organized under chapter 102, Laws of 1872,

and the sales and deliveries complained of were made by him as such employe.

*D. Pratt* for appellant. The privileges and franchises of a private corporation are a right vested which cannot be divested or altered even by the legislature itself, except the right be reserved in the charter or in the fundamental law. (*People* v. *Manhattan Co.*, 9 Wend. 351; *Dartmouth College* v. *Woodworth*, 11 Wheat. 511.) The ordinance, being in direct conflict with the privileges and franchises vested in the association, is manifestly illegal and void. (*Wood* v. *The City of Brooklyn*, 14 Barb. 425; *The Mayor of New York* v. *Nichols*, 4 Hill, 209.) The city has no power to raise revenue by taxing the association. (*The Mayor of New York* v. *Second Avenue R. R. Co.*, 32 N. Y. 261; *Same* v. *Third Avenue R. R. Co.*, 33 id. 42.)

*Martin A. Knapp* for respondent. The provisions of the charter fully authorized the enactment of the ordinance in question. (1 Laws 1837, chap. 63, pp. 111, 114; Dill. on Mun. Corp., §§ 93, 250–264; *People ex rel. Cox* v. *Justices Special Sessions*, 7 Hun, 214; *City of Brooklyn* v. *Breslin*, 57 N. Y. 591; *Blazier* v. *Miller*, 10 Hun, 435; *State* v. *Clark*, 28 N. H. 176; *Collins* v. *Hatch*, 28 Ohio, 523.) When a municipal corporation incurs special expense in the supervision of any proper subject of police regulation, it may indemnify itself by requiring a license fee from persons who are allowed to engage in the business which is made the subject of such regulation and control. (*Mayor, etc.*, v. *Second Avenue R. R.*, 32 N. Y. 270; *City of Brooklyn* v. *Breslin*, 57 id. 593; Dill. on Mun. Corp., §§ 291–296.) In prosecutions to enforce ordinances, or in considering the question of their validity, courts will incline to sustain rather than to overthrow them. (Dill. on Munic. Corp., § 353.)

*Per Curiam.* The appellant makes two points why the city ordinance is not effectual against the association of which the relator was a servant.

One, that the whole purpose of it seems to be to impose a tax upon the milk dealers of the city and especially upon the association.

We do not agree in this. The purpose of the city ordinance is not to impose a tax, or to raise a revenue for municipal use. The terms of it show that it is not. By it the mayor is to grant license ." to such persons as in his judgment shall appear proper and best calculated to secure to the inhabitants of the city pure and whole-some milk." Clearly the object of it is the health and comfort of the citizens, by securing to them a supply of pure and whole-some milk. The license and the fee therefor are a means of regulation and control, and the penalty is a means of enforcing a proper restraint upon the persons by whom milk is offered. Being such, it was within the scope of the general and particu-lar power of the city to make the by-law. (See city charter, Laws of 1857, chap. 63, p. 114; id. 111; *City of Brooklyn* v. *Breslin,* 57 N. Y. 591.)

The other point is, that the ordinance is in direct conflict with the privileges granted to that association by its charter.

We do not agree in this. The act of the legislature, by incorporating this association, did not create a privilege to sell milk in Syracuse. Any member of the association might do that as an individual, as well as a corporator. The act or busi-ness of selling milk being lawful in itself, needs not legislative leave. Nor, to attain the object of furnishing Syracuse with good milk, was it needful that a corporate body should be cre-ated. There are certain advantages supposed to be reached in doing any business in a corporate capacity. It was to obtain these that the privilege to act as a corporation was sought for and granted. The act did not so much give the right or privilege to sell, as it declared the purpose for which the corporation was sought, and awarded to it the right to do, as a corporation, that which any natural person might do without. The franchise given is to sell milk as a corporate body. The mere coming together as corporators gave the persons making the association no more right as a corporate body, within the bounds of the city, than

every one of them already had as an individual. As a private corporation, created and formed to carry on a business already lawful, it is, merely as such, as much and as lawfully affected by the lawful ordinances of the city as a natural person. The power to unite as a corporation, and to sell milk as such in the city of Syracuse, is not a power to sell it in disregard of those ordinances that the city may lawfully make for the regulation of that business within its limits, any more than any other corporate privilege carries with it a right of exercising it in contravention or disregard of municipal ordinances.

The judgment should be affirmed.

All concur, except RAPALLO, J., not voting.

Judgment affirmed.