THE CITY OF BROOKLYN, Respondent, *v.* NASSAU ELECTRIC RAILROAD COMPANY, Appellant.

*City of Brooklyn — an ordinance requiring electric cars to be equipped with fenders extending to within "not more than three inches from the tracks" is unreasonable.*

An ordinance of the city of Brooklyn requiring electric cars to be fitted "with a safety fender or safeguard attached to the front platform of said car or cars which shall extend from the platform of said car or cars to within *not more than three inches from the tracks*, and to be made and modeled in such a manner that it will be impossible for any person or persons to pass under the fender or the platform of said car or cars and come in contact with the wheels of said car," and imposing a penalty of twenty-five dollars for its violation, is unreasonable, in view of the fact that the height of the car from the track varies with the load, and that a car in motion will oscillate longitudinally and laterally; that the surface of a city street is not perfectly flat or even over its entire breadth, and that there are grades of different degrees and curves of varying radii in the city streets, and that the streets themselves have different degrees of convexity, these facts rendering it evident that no fender can be attached immovably to the front platform of a car so that it will, at all times, remain at the required height above the track and all parts thereof.

*Semble*, than an ordinance directing that proper fenders be put on all cars is reasonable and practicable.

BARTLETT and WOODWARD, JJ., dissented.

APPEAL by the defendant, the Nassau Electric Railroad Company, from a judgment of the County Court of Kings county in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 15th day of December, 1897, affirming a judgment of the Justice's Court in and for the second district of the city of Brooklyn, and also from an order of the County Court of Kings county, entered in said clerk's office on the 14th day of December, 1897, affirming the judgment of said justice of the peace.

*John F. Brennan*, for the appellant.

*William J. Carr*, for the respondent.

GOODRICH, P. J. :

The action is brought to recover a penalty for the defendant's breach of an ordinance of the former city of Brooklyn, which reads in part as follows :

"Sec. 3. *Resolved*, That each and every railroad company operating cars by electricity on any of the streets, avenues or public places in the city of Brooklyn shall equip within sixty days after this ordi-

nance shall have been approved by his Honor, the Mayor, each and every car so operated with a safety fender or safe guard attached to the front platform of said car or cars which shall extend from the platform of said car or cars to within not more than three inches from the tracks, and to be made and modelled in such a manner that it will be impossible for any person or persons to pass under the fender or the platform of said car or cars and come in contact with the wheels of said car. The said front platform of said car to be constructed as a platform occupied by the motorman, no matter in what direction the said car may be going."

"Sec. 5. Penalty. Any corporation whose officers, agents or servants shall *willfully* or *negligently* violate any of the provisions of this ordinance shall be liable for a penalty of the sum of $25.00 for each and every offense."

The justice rendered judgment for the plaintiff, the County Court affirmed the judgment, and from such affirmance this appeal is taken.

The defendant's chief contentions are : *First*, that the ordinance in itself is unreasonable ; *second*, that the city had not proved a willful or negligent violation of the ordinance.

It is necessary to discuss only a single question, the validity of the ordinance. It is authoritatively settled that the courts have power to pass upon the reasonableness of an ordinance. The court in *Mayor* v. *D. D., E. B. & B. R. R. Co.* (133 N. Y. 104, 111, 112) said : "The adoption of the ordinance in question does not conclude the courts in passing upon the case of its alleged violation, because their determination is to be controlled by the question of whether it was reasonable as to the defendant, and that can only be determined from facts in evidence. The court will imply the existence of reasons rendering the adoption of such a public measure presumptively proper, and it is for the defendant to show the facts which should exempt it from compliance with the general regulation. Presumptively, the ordinance was required in the interests of the public, for whose convenience railroad companies hold and must operate their franchises, but the presumption is open to rebuttal by this defendant by giving in evidence facts which show that, in its case, its enforcement would be unreasonable and that the convenience of the public, or of passengers, did not require such a regulation. * * * Undoubtedly the reasonableness of the ordinance

was a question of law, for the court to decide upon a consideration of all the facts and circumstances of the case."

The validity of the ordinance depends on the question whether it is reasonable.  But the reasonableness is a matter of law for the court to determine, and not one of fact, though it is to be determined in the light of the facts proved and our common knowledge. While we appreciate the danger occasioned to pedestrians on the highway from the use of trolley cars, and see the propriety of any regulations or requirements that the common council may impose upon the operation and management of such cars for the safety of the public, this is always subject to the qualification that such requirements must be reasonable, that is to say, practicable, not from the point of view of expense to the companies operating the cars, but practicable in the sense that they may not improperly interfere with the discharge of the public duty of such companies in transporting passengers.  It is matter of common knowledge that a trolley car has springs and a platform forming a solid part of the car body; that the weight of passengers will depress more or less the body of the car, including the platform; that a car in motion will oscillate longitudinally and laterally; that the surface of a city street is not perfectly flat or even over its entire breadth; that there are grades of different degrees and curves of varying radii in the city streets, and that the streets themselves have different degrees of convexity.

If the car in its operation never changed its height from the ground and did not oscillate, and if the surface of the street were flat and there were no grades or curves and no obstructions were found in the surface, there would be no difficulty in saying that the ordinance was reasonable, but when all these facts exist it is evident that no fender can be attached immovably to the front platform so that it will at all times remain at the required height above the track and all parts thereof.  For as there is equal danger to a person standing on any part of the street directly in front of an approaching car, we assume that "tracks" means the rails and the entire space between them.  This would require a fender of a very curious shape; and not only that, but one which would conform to the varying convexity of surface in different streets and portions of streets.  Such a fender is impracticable.  Of course we do not lose sight of the fact that as the ordinance says "not more than three

inches from the tracks," one part of the fender could be three inches above the tracks and other parts less than three inches, but there may be and often is a variance of more than three inches in height between the rails and the center of the track.

On the testimony in this case, and in the light of our common knowledge and experience, we can say that the ordinance directing that proper fenders shall be put on all cars is plainly both reasonable and practicable, but the requirement that such fenders shall be within three inches of the tracks seems to us entirely impracticable and unreasonable. While fenders have been uniformly adopted on all the cars of the city, no one of them seems to comply with this requirement, and the reasons for it, in the present state of affairs, appear obvious. The height of the car itself above the tracks at all times is liable to vary according to the load in the car. The movement of the car on grades or curves also causes the distance of the front platform from the surface of the street or tracks to change from time to time. These oscillations or differences of elevation often exceed three inches. While it not only may be possible, but is entirely probable, that in the future mechanical ingenuity will provide devices which will enable these fenders to be maintained at a somewhat uniform height above the street, automatically or otherwise, it appears here clearly that no such device has been invented, or if invented its merits have not become so known as to require its adoption. We are constrained to say that at the present time and in the present state of the manufacture of fenders, the direction of this ordinance that fenders shall be maintained three inches above the tracks is unreasonable and void; but in other respects the ordinance is valid, and it is the duty of the railroad companies to comply with the provisions and maintain their fenders at the least elevation practicable.

With these views, we do not deem it essential to discuss any other questions.

The judgment of the County Court and of the justice of the peace must be reversed, with costs.

All concurred, except BARTLETT and WOODWARD, JJ., dissenting.

Judgments of the County Court and of the justice of the peace reversed, with costs.