(68 App. Div. 126.)

### PEALE et al. v. BENJAMIN et al.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

REPLEVIN—PLEADINGS—MONEY JUDGMENT—APPEAL.

> When defendant's answer in replevin did not claim redelivery or the value of the property, but merely asked that the complaint be dismissed, and no objection was made that the answer did not permit a money judgment for defendant, nor to instructions submitting his right to such judgment, the objection that such judgment was unauthorized cannot be raised on appeal.

Appeal from trial term, New York county.

Replevin by Richard S. Peale and others against Charles R. Benjamin and others. From a judgment for defendants, and from an order denying a new trial, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

James C. Lenney, for appellants.

G. R. Hawes, for respondents.

PATTERSON, J. This appeal brings up nothing related to the merits of the cause, the rulings of the court upon evidence, or instructions given to the jury; the only point presented by the appellants being that the judgment providing for a recovery of money by the defendant Bartlett from the plaintiffs was unauthorized. It is a sufficient answer to this criticism to say that the judgment strictly follows the verdict of a jury, and that such verdict was rendered after instruction given by the court that such a verdict was permissible, which instruction was not excepted to nor challenged in any way at the trial. The action was in replevin, and under a writ property claimed by the plaintiffs was taken from the possession of the defendant Bartlett, who was found by the jury to be a bona fide purchaser of that property, and entitled to its possession. The property had been delivered by the sheriff to the plaintiffs. The defendant Bartlett set up in his answer a counterclaim, which, however, was withdrawn at the trial. The counterclaim being eliminated, the cause proceeded upon the answer of the defendant Bartlett, which did not claim a redelivery of the property nor ask for its value, but merely contained a general demand that the complaint be dismissed. If the answer were insufficient to permit of the defendant Bartlett recovering the value of the merchandise, that subject should have been presented to the trial judge, and any advantage claimed by reason of the defect in the pleading should have been availed of at the trial. · Here the plaintiffs fully acquiesced in the submission to the jury of the right of the defendant Bartlett

to recover from the plaintiffs the value of the property wrongfully taken by the plaintiffs on the replevin process, and it is now too late to raise any question concerning it.

The judgment and order should be affirmed, with costs. All concur.