### PEOPLE ex rel. LIEBERMANN v. VAN DE CARR, Warden.

(Supreme Court, Appellate Division, First Department. March 20, 1903.)

1. MUNICIPAL CORPORATION—VALIDITY OF ORDINANCE.
    New York City Sanitary Code, § 66, prohibiting the sale of milk in the city without a permit from the board of health, was adopted by the board Feb. 16, 1898, but had previously existed as section 221 of the Sanitary Code, adopted January 21, 1896. Greater New York Charter, § 1172 (Laws 1897, p. 418, c. 378), expressly ratified and continued in force section 221, and sections 1168 and 1172 (pages 415, 418) of the charter empowered the board of health to add to, change, or annul the sanitary code, and Laws 1901, p. 499, c. 466, § 1172, declared that the Code in force in the city of New York on January 1, 1902, should be binding and in force in the city of New York. *Held* that, having been adopted prior to the enactment of Laws 1901, p. 499, c. 466, § 1172, and having remained unaltered on January 1, 1902, Sanitary Code, § 66, was ratified by the Legislature, and became a valid ordinance, even though its validity was open to question before.

2. SAME—ADULTERATED MILK—VALIDITY OF ORDINANCE.
    The Legislature acted within its power in authorizing the enactment by the board of health of New York City of Sanitary Code, § 66, providing that no milk shall be received, held, kept, or offered for sale in the city without a written permit from the board.

8. SAME—ORDINANCE TO LICENSE MILK DEALERS—POWER OF BOARD OF HEALTH
    The ordinance does not vest the board of health with arbitrary authority to license one dealer and refuse license to another similarly situated.

Appeal from Special Term, New York County.

Habeas corpus by the people of the state of New York, on the relation of Simon Liebermann, to John E. Van De Carr, warden of the city prison. From an order dismissing the writ, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Frank Moss, for appellant.

Frederick W. Stelle, for respondent.

LAUGHLIN, J.  The relator was arrested on a warrant issued by a magistrate charging him with a violation of section 66 of the Sanitary Code. On being arraigned, he pleaded not guilty; and on the preliminary hearing before the magistrate he was held to answer for the crime, and a commitment was issued committing him to the custody of the warden and keeper of the city prison in default of bail, which had been fixed at $100. After giving bail, he was surrendered by the sureties, whereupon he sued out the writ of habeas corpus.

The relator was a milk dealer, and prior to the 9th day of July, 1902, he held two permits—presumably for two wagons, but the fact does not appear—from the board of health under section 66 of the Sanitary Code, which provides as follows:

"Sec. 66. No milk shall be received, held, kept, offered for sale or delivery in the city of New York without a permit in writing from the board of health and subject to the conditions thereof."

These permits were revoked on that day by resolution of the board. The relator again applied for permits under that section, but his application was denied. Neither the grounds of revocation nor of the denial of the second application were shown.

In the absence of evidence to the contrary, it will be presumed that the facts warranted the action of the board in revoking the permits and in declining to issue new permits (People ex rel. Nechamcus v. Warden, etc., 144 N. Y. 529, 39 N. E. 686, 27 L. R. A. 718); and this is not seriously questioned by the relator, his contention being that said section 66 of the Sanitary Code is unconstitutional and void. This section of the Sanitary Code was adopted by the board of health on the 16th day of February, 1898, but prior to that time it had existed as section 221 of the Sanitary Code adopted on the 21st day of January, 1896. The adoption of said section 221 of the Sanitary Code was expressly ratified and continued in force, except as the same might be revised, altered, amended, or annulled by the board, by section 1172 of the Greater New York charter (page 418, c. 378, Laws 1897). By said section 1172 and section 1168 of the Greater New York Charter, the board of health was authorized and empowered to add to or alter, amend, or annul any part of the Sanitary Code. The board of health merely re-enacted this section as it formerly existed, giving it a different number; and after that the Legislature, by section 1172, p. 499, c. 466 of the Laws of 1901,

declared that the Sanitary Code "which shall be in force in the city of New York the first day of January, 1902, and all existing provisions of law for fixing penalties for violations of said Code are hereby declared to be binding and in force in the city of New York, and shall continue to be so binding and in force, except as the same may be from time to time revised, altered, amended or annulled as herein provided. * * * The board of health may embrace in said Sanitary Code all matters and subjects to which and so far as the power and authority of said department of health extends, not limiting their application to the subject of health only. Any violation of said Sanitary Code shall be treated and punished as a misdemeanor." Section 66 of the Sanitary Code, having been enacted prior to the adoption of this provision of law by the Legislature, and having remained unaltered on the 1st day of January, 1902, was thereby ratified by the Legislature, and became a valid ordinance, even though its validity on account of any irregularity in or want of authority for its enactment was open to question before. People v. Davis (Sup.) 79 N. Y. Supp. 747.

The relator's point, therefore, resolves itself into the question as to whether it was competent for the Legislature to expressly authorize the enactment of this ordinance. His counsel contends that it is apparent on the face of the ordinance that it is unreasonable and void, in that it makes it unlawful for hotels, or even private consumers, to have milk in their possession in this city without a permit from the board of health. It may be observed—although the question is not presented for judicial determination—that the ordinance appears to have been designed to require only those dealing in milk to obtain such a permit (People v. Timmerman, 79 App. Div. ——, 80 N. Y. Supp. 285), and it would seem to be susceptible of the construction that it is intended as a regulation of those offering milk for sale, rather than of consumers. Nevertheless, the relator was a dealer in milk, and it appears that he offered milk for sale after his permits were revoked. If the Legislature can require those dealing in milk to obtain a permit, but the act would be unconstitutional if extended to consumers, the ordinance should be construed as applicable to the former only, in order to sustain its validity. People ex rel. Nechamcus v. Warden, etc., supra. The authority of the Legislature to require those dealing in milk and other food products that are liable to become deleterious to health to obtain licenses under reasonable regulations designed to secure the health of the community is amply sustained by the decisions, and it will be presumed that the facts warranted such legislation. People ex rel. Larrabee v. Mulholland, 82 N. Y. 324, 37 Am. Rep. 568; City of Chicago v. Bartee, 100 Ill. 57; Mayor, etc., v. D. D. E. B. & B. R. R. Co., 133 N. Y. 104, 30 N. E. 563, 28 Am. St. Rep. 609; People v. West, 106 N. Y. 293, 12 N. E. 610, 60 Am. Rep. 452.

This ordinance was enacted under the police power of the state, and the test of the validity of statutes and ordinances thus enacted is whether they are reasonable. City of Brooklyn v. Nassau El. R. R. Co., 38 App. Div. 365, 56 N. Y. Supp. 609; Barry v. Village of

Port Jervis, 64 App. Div. 268, 72 N. Y. Supp. 104. The validity of a law or ordinance, however, does not depend upon what has been done or may be done by officials acting thereunder arbitrarily or in disregard of their duty, but upon what may be done lawfully thereunder. People ex rel. Nechamcus v. Warden, etc., supra; City of Rochester v. West, 164 N. Y. 510, 58 N. E. 673, 53 L. R. A. 548, 79 Am. St. Rep. 659; Cunning System v. City of Buffalo, 75 App. Div. 31, 77 N. Y. Supp. 987; Barry v. Village of Port Jervis, supra; Gundling v. Chicago, 177 U. S. 183, 20 Sup. Ct. 633, 44 L. Ed. 725. It is manifest that dealing in milk cannot be too carefully regulated in a great city, and it was clearly lawful for the Legislature itself to prohibit, or vest the board of health with authority to enact an ordinance prohibiting, any person from dealing in milk without first obtaining a license under reasonable conditions and restrictions with reference to the source of supply, the manner of transporting and keeping the milk, and such supervision of the same as may tend to insure the delivery of wholesome milk to consumers, who are helpless to protect themselves in this regard. Such regulations, however, should be uniform, and the board should not act arbitrarily; and, if this section of the Sanitary Code vested in them arbitrary power to license one dealer in a lawful commodity and refuse a license to another similarly situated, undoubtedly it would be invalid (Yik Wo v. Hopkins, 18 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220; Gundling v. Chicago, 177 U. S. 183, 20 Sup. Ct. 633, 44 L. Ed. 725; Noel v. People, 187 Ill. 587, 58 N. E. 616, 52 L. R. A. 287, 79 Am. St. Rep. 238; Dunham v. Trustees of Rochester, 5 Cow. 462; Brooklyn v. Breslin, 57 N. Y. 551); but such was not its purpose, nor is that its fair construction.

It is unnecessary now to determine whether the action of the board in refusing or revoking such a permit would be judicial, and thus reviewable by mandamus or certiorari, or whether, if the authority should be arbitrarily or improperly exercised, the only remedy would be an application for the removal of the officers; for those are questions that may arise in the administration of the law, but do not go to its validity. The section, properly construed, does not permit unjust discrimination, and therefore it is valid.

It follows, therefore, that the order should be affirmed. All concur: