PEOPLE ex rel. STAUB v. GILMAN, Commissioner of Public Safety, et al.

(Supreme Court, Special Term, Monroe County. April 25, 1907.)

MANDAMUS—HEALTH—LICENSE TO SELL MILK.

     Where an ordinance provided that no person should carry on the business of milk dealer without a license from the health bureau, mandamus would not lie to compel the issuance to relator of a license to sell milk, refused on the ground that relator was found to have been selling unclean milk.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, §§ 189–192.]

Mandamus by the people, on the relation of Otto B. Staub, against George A. Gilman, as commissioner of public safety, and others. To an alternative writ of mandamus, defendants demur. Demurrer sustained.

John A. Bernhard, for relator.
W. W. Webb and John M. Stull, for defendants.

FOOTE, J. An alternative writ of mandamus was issued on behalf of relator, requiring the defendants to issue to relator a permit or license to conduct the business of selling milk in the city of Rochester or to show cause. The defendants demur to the writ on the ground that it does not state facts sufficient to constitute a cause of action.

I think the relator has mistaken his remedy, if any he has. The affidavit upon which the writ was granted states that at the time his application for a license was refused the defendant Goler, as health officer, made the following statement in writing:

"The above application was denied on the ground that the applicant was found to have been selling unclean milk and milk from cows kept in an unhealthy condition."

It thus appears that the defendants exercised the discretion vested in them, and determined, for reasons which were deemed by them sufficient, to refuse a license to relator. Relator now seeks by mandamus to review the discretion so exercised in the courts. A writ of mandamus cannot be employed for such a purpose. Its office is to compel action, and, as is well said by Judge Vann in a recent case:

"While it may require the performance of a purely ministerial duty in a particular manner, its command is never given to compel the discharge of a duty involving the exercise of judgment or discretion in any specified way, for that would substitute the judgment or discretion of the court issuing the writ for that of the person or persons against whom the writ was issued." People ex rel. Harris v. Commissioners, etc., 149 N. Y. 26, 43 N. E. 418.

If, then, a discretion is vested by law in the defendants to grant, or in a proper case refuse, a license, such refusal cannot be reviewed by mandamus. The ordinance under which the defendants acted provides that:

"For the protection of the public health, the health bureau is given authority to license professions and occupations herein named."

And that:

"No person shall carry on the business of collector of garbage, scavenger, ice dealer or milk dealer without a license from the health bureau. Such li-

cense shall not be transferred without the consent of the bureau, and may be revoked by the bureau for cause."

A similar statute, which required all auctioneers doing business in the city of New York to obtain from the mayor a license, was held "by necessary implication to authorize the mayor to refuse the license 'to any person whose character and qualifications were not satisfactory to him, or where in his judgment public interest required it"; and in that case it was held that:

"The requirement that a person must secure leave from some other one to entitle him to exercise a right carries with it by necessary implication a discretion upon the part of the other to refuse it, if in his judgment it is improper or unwise to give the required consent." People ex rel. Schwab v. Grant, 126 N. Y. 473, 27 N. E. 964.

And in that case it was also held that:

"The exercise of this discretion on the part of the mayor is not subject to review by mandamus."

It must be held that the ordinance in question vests a discretion in the persons authorized to act upon applications for licenses to refuse a license if in their opinion the public interest or the health and safety of the people whom they represent would thereby be promoted. That a law vesting such a discretionary power in the proper officers of the city government is valid and constitutional as against a milk dealer is settled by the highest authority. People ex rel. Lieberman v. Vandecarr, 81 App. Div. 128, 80 N. Y. Supp. 1108, affirmed 175 N. Y. 440, 67 N. E. 913, 108 Am. St. Rep. 781, and 199 U. S. 552, 26 Sup. Ct. 144, 50 L. Ed. 305.

I have not considered the question of the power of the city government to adopt the ordinance in question, or as to its legal validity. By the form of the proceeding adopted by the relator, he necessarily concedes that the ordinance is valid, and that it is necessary for him to have the license in question to carry on the business of selling milk in the city of Rochester.

The defendants' demurrer is sustained, with costs.