(38 App. Div. 610.)

### CITY OF POUGHKEEPSIE v. KING.

(Supreme Court, Appellate Division, Second Department. March 24, 1899.)

ORDINANCES—PENALTIES.
> An ordinance providing for a fine of "not less than $10, or more than $25," is not authorized by the city charter (2 Laws 1896, p. 478, c. 425, § 30), empowering the council to enforce obedience of ordinance by "ordaining fixed penalties."

Appeal from Dutchess county court.

Action by the city of Poughkeepsie against Simon King. From a judgment for plaintiff affirming judgment of a justice of the peace, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frank B. Lown, for appellant.
J. L. Williams, for respondent.

CULLEN, J. This action was instituted before a justice of the peace to recover a penalty prescribed by the common council for the violation of an ordinance which forbade the maintenance of lunch wagons in the street without a license. The defendant contends that he was protected under a license previously issued to him under another ordinance, and also that the ordinance under which the action is brought is void because, instead of naming a certain sum as a penalty for its infraction, it provides that the offender shall be punished by a fine of not less than $10, or more than $25, for each offense. Mr. Dillon says (Mun. Corp. § 341) that:

> "A municipal corporation, with power to pass by-laws and to affix penalties, may, if not prohibited by the charter, or if the penalty is not fixed by the charter, make it discretionary, within fixed reasonable limits. * * * The older English authorities, so far as they hold such a by-law void for uncertainty, are regarded as not sound in principle, and ought not to be followed."

The English rule, however, prevails in New Jersey (State v. Zeigler, 32 N. J. Law, 262; Melick v. Borough of Washington, 47 N. J. Law, 254), where it was held that the corporation must fix the precise penalty, and not leave its amount discretionary with the judge or jury. We do not find that the question has been decided in this state. But, whatever the general rule may be, we think that the plaintiff, under its charter, was bound to enact a certain and definite penalty. That charter (2 Laws 1896, p. 478, c. 425, § 30) provides:

"The common council shall have power to enforce observance of all ordinances under the provisions of this act, by ordaining fixed penalties to be incurred for each and every violation of the same, not exceeding fifty dollars for any one offense, to be recovered with costs in a civil action in any court having cognizance thereof, or to remit the same or any part thereof."

Had the grant of authority been either to ordain penalties or to fix penalties, it may be that, under the general rule, the common council could have fixed penalties varying between prescribed limits. But we do not see how force can be given to the expression, "ordaining fixed penalties," unless the precise amount of the penalty is prescribed. The legislature might have intended that the power granted by it should be thus exercised and thus limited. The language used seems exactly adapted to express such an intent.

The judgment of the county court and that of the justice of the peace should be reversed, with costs. All concur.