JOSEPH R. RACKLIFF et al., Respondents, v. JAMES
J. PETERS et al., Appellants.

Kansas City Court of Appeals, December 7, 1908.

TAXBILLS: St. Joseph Charter: Time: Ordinance. The charter
of second class cities authorizes the council to fix in all ordi-
nances for street improvement the time within which the work
shall be completed after the contract is awarded, with the pro-
viso for a subsequent extension of such time upon given condi-
tions. The council passed an ordinance requiring certain work
to be completed within four months provided that days lost by
injunctions, bad weather, etc., should be added to the time
allowed. *Held*, the ordinance was void since it fixed and un-
fixed in the same breath the time which the charter required
to be fixed definitely. Adhered to on motion for rehearing.

Appeal from Buchanan Circuit Court.—*Hon. Henry M.
Ramey*, Judge.

REVERSED.

*Culver & Phillips* for appellant.

(1)   The ordinance authorizing the work is void
because it fails to fix the time within which the work
should be completed, as required by the mandate of the
Charter of St. Joseph as amended by the Act of 1903.
Laws 1903, p. 64, sec. 9.   Woolen Co. v. Brickwedie,
60 Cal. 166; City v. King, 57 N. Y. Supp. 116; Dickey
v. Porter, 203 Mo. 36; Sedalia ex rel. v. Smith, 206 Mo.
366.

*Fulkerson, Graham & Smith* for respondents.

(1)   The ordinance in this cause did fix the time
within which the improvement should be completed at
four months, from the time "the contract shall be award-
ed, provided, the days work lost in consequence of in-
junction or court proceedings, bad weather, work which
is being done by other persons over whom the contrac-
tor has no control, organized general strikes, or burn-

ing of any plant where material for the work provided in this ordinance is manufactured, shall be added to the number of days above specified. Springfield ex rel. v. Schmook, 120 Mo. App. 41; Allen v. Labsap, 188 Mo. 697; Paving Co. v. Munn, 185 Mo. 570; St. Louis County Court v. Griswold, 58 Mo. 175; Neosho City Water Co. v. Neosho, 136 Mo. 509; Lionberger v. Bank, 10 Mo. App. 506.

ELLISON, J.—Plaintiffs' action is based on a special taxbill issued for paving in the city of St. Joseph. The judgment in the trial court was for the plaintiffs.

Under the charter of the city of St. Joseph public work of the nature of paving streets must be authorized by ordinance, duly ordained in accordance with the charter and framed as directed · by the charter. It seems that prior to the year 1903 no definite requirement was found in the charter as to the time within which public work was to be done when let to the contractor. But in that year an amendment was asked and obtained from the Legislature requiring ordinances to definitely name the time for the completion of the work; and directing that if afterwards any change was made in such definite time, it should be made by ordinance, and prescribing how the ordinance should be made in order to accomplish the purposes mentioned. [Laws 1903, p. 64, sec. 9.] Such charter provisions read as follows:

"All contracts relating to any of the improvements herein contemplated shall be made by said board, and shall be awarded to the lowest and best bidder . . . Every ordinance for public improvements of any kind to be let to the lowest and best bidder shall fix the time within which such work shall be completed after the contract therefor shall be awarded. . . . The common council shall not give its consent by ordinance, resolution or otherwise more than twice for any exten-

sion of time for the completion of the work under any contract, nor for a longer period than four months each time, and not then unless the contractor, together with the sureties on his bond shall first file with the comptroller their written request for such extension asked; that the contract price for the whole work covered by the contract shall be reduced five per cent," etc. [Laws 1903, p. 64, sec. 9.]

In the year 1905 the city council ordained the ordinance now in question and on the matter of time it contained the following provision:

"The work to be completed within four months after the contract shall be awarded, provided the days work lost in consequence of injunctions, or court proceedings, bad weather, work which is being done by other persons over whom the contractor has no control, organized general strikes, or burning of any plant where material for the work provided in this ordinance is manufactured shall be added to the number of days above specified."

In our opinion the ordinance is void. It wholly fails to meet the requirements of the charter above set forth. It is a manifest evasion of the positive mandate of that instrument. The positive direction is that the ordinance must "fix" the time. According to Webster the word "fix" means immovable or definite; according to Century, "to determine or settle definitely, to make certain"; according to Standard, "to decide definitely, to make sure, settle, to determine," and according to Worcester, "to establish, settle, determine, to direct without variation."

In San Francisco Woolen Co. v. Brickwedie, 60 Cal. 166, the constitution provided that it should be the duty of the board of supervisors to "fix" the rate of compensation to be collected for water provided to the city and county of San Francisco and its inhabitants. The ordinance named certain rates to be paid and provided that if the city and county paid these rates, the same should be allowed to private consumers. It was held that this

was not 'fixing" the rate, MYRIE, J., saying: This is not fixing rates, it is naming rates with a contingency.

A city charter provided that the council might enforce the observance of all ordinances by ordaining "fixed" penalties not to exceed $50. An ordinance provided the penalty should be not less than $5 nor more than $50. Held void because the penalty was not fixed. [City v. King, 57 N. Y. Supp. 116.]

In the ordinance in this case a time was fixed and immediately unfixed, without time for a breath between the doing and undoing, by inserting exceptions, provisos and contingencies sufficient to cover every wish of a careless and procrastinating contractor.

So as to put the matter in such way that no chance would arise for doubt or evasion, the charter itself provided how a time once fixed by an ordinance might be altered. It provided, as is shown by what we have above quoted from it, that if matters afterwards arose which, in the judgment of the council, demanded a change of time, the council would then pass upon the merit of the contingency urged in writing in support of the extension, and act accordingly, exacting for the property-owner the reduction named. These provisions were thus made a part of the charter in order to protect the property holders and to save the public generally that inconvenience which follows public work in the streets.

The ordinance being invalid, the taxbills arising thereunder are void. The judgment is reversed. All concur.

PER CURIAM.—A motion for rehearing has been filed, which, while not asking it in terms, in effect seeks to have us interpret the charter referred to just as it would have been interpreted had it not contained a requirement that ordinances should fix the time for the completion of work, and had not *specifically provided, on specific conditions,* how that fixed time might afterwards be altered. In other words, that the court should ignore the change in the charter.