FRANCIS J. CUSHING, Respondent, v. MARIA C. RICHARDSON et al., Appellants.

Kansas City Court of Appeals, May 23, 1910.

**SUPREME AND COURTS OF APPEALS.** Where a case has been decided by the Supreme Court, which, in the opinion of the court of appeals, applies to a case in the latter court, it is the duty of the latter court to follow it, even though wrong. And though it should be conceded that matters of controlling importance in such case were not brought to the knowledge of the Supreme Court, of which, if that court had been advised, it would not have decided as it did, yet the court of appeals must nevertheless follow the decision as it stands.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*H. K. White* for appellant.

*Charles F. Strop* and *Eugene Silverman* for respondent.

ELLISON, J.—This action is based on a special taxbill issued for paving in the city of St. Joseph. The judgment in the trial court was for the plaintiff.

The points presented in favor of and against the validity of the bill are identical with those in the case of Rackliff v. Peters, 136 Mo. App. 168. The following statement made in that case will suffice for this:

"Under the charter of the city of St. Joseph public work of the nature of paving streets must be authorized by ordinance, duly ordained in accordance with the charter and framed as directed by the charter. It seems that prior to the year 1903 no definite requirement was found in the charter as to the time within which public work was to be done when let to the contractor. But

in that year an amendment was asked and obtained from the Legislature requiring ordinances to definitely name the time for the completion of the work; and directing that if afterwards any change was made in such definite time, it should be made by ordinance, and prescribing how the ordinance should be made in order to accomplish the purposes mentioned. [Laws 1903, p. 64, sec. 9.] Such charter provisions read as follows:

" 'All contracts relating to any of the improvements herein contemplated shall be made by said board, and shall be awarded to the lowest and best bidder.  .  .  . Every ordinance for public improvements of any kind to be let to the lowest and best bidder shall fix the time within which such work shall be completed after the contract therefor shall be awarded.  .  .  .  The common council shall not give its consent by ordinance, resolution or otherwise more than twice for any extension of time for the completion of the work under any contract, nor for a longer period than four months each time, and not then unless the contractor, together with the sureties on his bond shall first file with the comptroller their written request for such extension asked, that the contract price for the whole work covered by the contract shall be reduced five per cent,' etc.  [Laws 1903, p. 64, sec. 9.]

"In the year 1905 the city council ordained the ordinance now in question and on the matter of time it contained the following provision:  'The work to be completed within four months after the contract shall be awarded, provided the days work lost in consequence of injunctions, or court proceedings, bad weather, work which is being done by other persons over whom the contractor has no control, organized general strikes, or burning of any plant where material for the work provided in this ordinance is manufactured shall be added to the number of days above specified.' "

We held in that case that the ordinance was plainly and directly in conflict with the charter and was therefore void. That the ordinance was drawn just as it would have been had not the charter been amended so as to prevent the very thing sought to be accomplished by the ordinance.

The Supreme Court had before it a taxbill for paving in St. Joseph, in which the same question was involved, and, notwithstanding the views expressed by us, our decision was overruled. [Gist v. Rackliffe, 224 Mo. 369, 123 S. W. 921. The decision of the Supreme Court was known to counsel for each party when this case was argued and counsel for defendant admitted that it covered this case. But notwithstanding that, he seeks to have us refuse to follow the decision of the Supreme Court and that the case be then certified to that court that it might again consider the question in connection with suggestions which were not brought to the attention of that court in Gist v. Rackliffe, supra.

In support of this it is urged that when the Supreme Court expressed the views which are set forth in that case as to the intention of the Legislature, its attention had not been called to the fact that after the construction which this court gave to the charter in Rackliff v. Peters, the Legislature re-enacted the statute with that construction. The identical section construed by us in that case was amended by re-enacting the provisions relied upon in that case and adding *further* restrictions on the right to extend the time to the contractor by denying even the right of the council to extend the time in the manner provided, unless the board of public works recommended it. It is asserted to be fundamental law of interpretation of statutes, that if they be construed and are afterwards re-enacted by the Legislature, it is an adoption of that construction, and an array of authority is cited to verify the statement.

The position thus taken by defendant may be stated to be this, that notwithstanding the Constitution requires this court to follow the last decision of the Supreme Court applicable to the matter in controversy in this court, yet where such decision is believed to be manifestly erroneous and made without knowledge of certain points which, if known, the decision would not have been made, this court should not follow it and should certify the case to the Supreme Court that the matter stated to have been misconceived might be again considered.

There is no warrant for such procedure. The constitution provides that the decision of the Supreme Court is controlling authority. To follow the course suggested would lead to confusion. We had the same matter urged upon us in Sparks v. Life Indemnity Co., 61 Mo. App. 109, 115, and we refer to that case for a statement of reasons against the course suggested. We there said that "It is a right belonging to a litigant to have judgment in this court in accordance with the last previous ruling of the Supreme Court," as we understand it, whatever may be thought of its soundness.

We have considered defendant's objection to the taxbill based upon the question of preparation of an ordinance for the improvement contemplated, by the board of public works, and the nature of such ordinance. That objection we think, from what was said in Gist v. Rackliffe, was, in effect, ruled against defendant.

It follows that the judgment should be affirmed. All concur.