WILLIAM HUGGINS, Respondent, v. RACKLIFFE-GIBSON CONSTRUCTION COMPANY, Appellant.

Kansas City Court of Appeals, November 7, 1910.

TAXBILLS: Sufficiency of Notice: Time for Completion of Work. The notice and time for the completion of the work considered and *held* to be sufficient. Gist v. Construction Co., 224 Mo. 369.

Appeal from Buchanan Circuit Court.—*Hon. Lucian J. Eastin,* Judge.

REVERSED AND REMANDED (*with directions*).

*Fulkerson, Graham & Smith* for appellant.

The court erred in overruling Rackliffe-Gibson Construction Company's demurrer: First, because the designating notice was in compliance with the law governing cities of the second class and was sufficient. Gist v. Rackliffe-Gibson Const. Co., 123 S. W. Rep. 921. Second, because ordinance No. 4714 did fix the time within which the work was to be completed and was a perfectly valid ordinance. All the points raised by respondent in his petition have been heretofore by this court and the Supreme Court determined adversely to his contention. Gist v. Rackliffe-Gibson Const. Co., 123 S. W. Rep. 921; Cushing v. Richardson, 128 S. W. Rep. 805. Under the authority of the cases above cited, appellant contends that the judgment in this case should be reversed.

*Vories & Vories* for respondent.

BROADDUS, P. J.—This is a suit to cancel cer-
tain taxbills.

On July 16, 1907, the city of St. Joseph passed
a special ordinance which provided for certain street
improvements. Thereafter, under authority of said
ordinance, the city, awarded the contract to defend-
ant construction company, it being the lowest and
best bidder. The contract was awarded on the 31st
day of July, 1908, by the terms of which the company
was given six months to complete the same. On the
second day of January, 1909, the work was completed
and accepted by the city, which was within the time
specified. On the 22d day of January, the taxbills
for payment of said work were duly issued to defend-
ant, among which were certain taxbills issued against
the property of plaintiff.

On the 10th day of April, 1909, the plaintiff in-
stituted this suit to cancel said taxbills. The grounds
upon which he relies to maintain his action are:
First, that the designating notice was insufficient be-
cause it was too vague and indefinite and did not suf-
ficiently notify the property owners of the character
of the work to be done and the materials to be used.
Second, it did not fix the time within which the work
was to be completed. The defendant filed a demurrer
to the plaintiff's petition which the court overruled.
The defendant stood on its demurrer and failing to
further plead, the court rendered judgment canceling
said taxbills from which it appealed.

The notice and time for the completion of the
work are the same as were passed on in Gist v. Rack-
liffe-Gibson Construction Co., 224 Mo. 369, and simi-
lar to those in Cushing v. Richardson, 143 Mo. App.
608, and held to be sufficient.

We deem it unnecessary to repeat the utterance
in those cases. The cause is therefore reversed and
remanded with directions to set aside the order over-
ruling defendant's demurrer, also the judgment ren-

dered, and to enter an order sustaining said demurrer and to render judgment in favor of defendant. All concur.