VILLAGE OF CARTHAGE, Appellant, *v.* EDWARD W.
                    COLLIGAN, Respondent.

**Villages — boards of health — power of such boards to make
ordinances for the protection of public health — where such an
ordinance does not prescribe any penalty the board has no
power to impose a penalty for disobedience thereof.**

By section 21 of the Public Health Law (L. 1909, ch. 49: Cons.
Laws, ch. 45) a village board of health has the power to make both
general and special orders for the protection of the public health.
Under this statute, where such an order was made which did not
prescribe any penalty, such board is without power, after the order
has been disobeyed, to prescribe for the first time a penalty for the
wrong already done.
*Village of Carthage* v. *Colligan*, 158 App. Div. 793, affirmed.

(Submitted October 18, 1915; decided November 16, 1915.)

APPEAL from a judgment, entered December 6, 1913,
upon an order of the Appellate Division of the Supreme
Court in the fourth judicial department, reversing a
judgment in favor of plaintiff entered upon a verdict
and directing a dismissal of the complaint.

The nature of the action and the facts, so far as
material, are stated in the opinion.

*A. E. Kilby* for appellant. It was not necessary to fix
the amount of the penalty in the order not to empty the
sewage. (*City of Poughkeepsie* v. *King*, 38 App. Div.
610; *People* v. *Hayes*, 140 N. Y. 484.)

*Wilbur A. Porter* for respondent. The order of the
board of health failed to provide any penalty for its vio-
lation. It was, therefore, unenforceable. (*City of Buf-
falo* v. *R. R. Co.*, 152 N. Y. 276; *New York City* v.
*Hexamer*, 69 N. Y. Supp. 198; *Hudson* v. *New York*,
9 N. Y. 163; *Phelps* v. *Hawley*, 52 N. Y. 23; *People* v.

*City of Brooklyn*, 22 Barb. 404; *State* v. *Clinton*, 53 N. J. L. 329; *City of Poughkeepsie* v. *King*, 38 App. Div. 610; *MacNall* v. *Kales*, 61 Hun, 231; *N. Y. Fire Dept.* v. *Brandee*, 14 Daly, 53; *Health Dept.* v. *Knoll*, 70 N. Y. 526.)

Cardozo, J. This is an action to recover a penalty imposed on the defendant by the board of health of the village of Carthage.

The defendant had a cesspool on his land, and emptied it in ways offensive to his neighbors. The board of health adopted a resolution that he must not again pump his cesspool over the ground, and that he must abate the existing nuisance, and the village attorney was directed to draw up a notice to that effect. No penalty was prescribed in the event of disobedience. The resolution was followed by the service of a notice which we think was sufficient in form, and which warned the defendant that he was forbidden to pump the contents of his cesspool upon the surface of the ground. The defendant disobeyed the order, and was directed to show cause why a penalty should not be imposed. He appeared before the board; a hearing followed; and a resolution was adopted that the amount of the penalty to be imposed be fixed at $50, and that it be paid forthwith. Whether the penalty is legal, is the question to be determined.

By section 21 of the Public Health Law (L. 1909, ch. 49; Cons. Laws, ch. 45) a village board of health has the power to make both general and special orders for the protection of the public health. General orders or regulations must be not only adopted, but also published. It is conceded that there are no general orders or regulations applicable to the defendant's case. Special orders in individual cases, not of general application, may be made without publication, but must be served upon the owner. The same statute clothes the board with other powers to make its ordinances effective. It "may issue subpœnas,

compel the attendance of witnesses, administer oaths to witnesses and compel them to testify, and for such purposes it shall have the same powers as a justice of the peace of the state in a civil action of which he has jurisdiction " (L. 1909, ch. 49, § 21). It may also "prescribe and impose penalties for the violation of or failure to comply with any of its orders or regulations, not exceeding one hundred dollars for a single violation or failure, to be sued for and recovered by it in the name and for the benefit of the municipality; and may maintain actions in any court of competent jurisdiction to restrain by injunction such violations, or otherwise to enforce such orders and regulations."

The order directed to the defendant was not a general one. It was an order in an individual case. It did not prescribe any penalty. It simply announced a command. We think the board was without power, after the order had been disobeyed, to prescribe for the first time a penalty for a wrong already done. The statute is not mandatory, but permissive. It does not require the board to prescribe any penalty whatever. It merely authorizes the board to prescribe one. If the board had "prescribed" a penalty in advance of the offense, it might have "imposed" the penalty after the offense. Even then, its finding that the offense had been committed, would be subject, of course, to re-examination by the courts (*People ex rel. Copcutt* v. *Bd. of Health,* 140 N. Y. 1). We do not say that it was bound, in advance of the event, to make the penalty a fixed one (Dillon Municipal Corporations, vol. 2, secs. 608, 613; *City of Poughkeepsie* v. *King,* 38 App. Div. 610). Following the words of the statute, it might prescribe by its order a penalty not exceeding $100; and then take heed of circumstances aggravating or mitigating the offense in imposing the penalty up to the maximum prescribed. But the difficulty in this case is that not till after the event did the board give notice to the defendant that he

would be subjected to any penalty whatever.  It is usual to authorize boards of aldermen and other local bodies when adopting ordinances to prescribe penalties within stated limits.  But if they adopt an ordinance without a penalty, they may not affix one thereafter so as to cover past offenses.  The lack of power is, of course, the same whether the ordinance is general or special.  A different situation would be here if the legislature had said that there must be no ordinance without a penalty.  In such a case, a penalty, not exceeding the prescribed maximum, might automatically attach.  But that is not the case before us.  The board may abate this nuisance.  It may enjoin the violation of its order.  It may even prescribe a penalty if the violation is continued.  But for past offenses, there is no penalty, for none has been prescribed.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, HOGAN and POUND, JJ., concur; SEABURY, J., dissents on dissenting opinion of KRUSE, P. J., below.

Judgment affirmed.