Arthur E. Blauvelt, J.
Plaintiff brings this action against defendant seeking a judgment declaring an order or resolution of the Board of Health of the City of Auburn, New York, void and asking that an injunction issue restraining, any prosecution . of the plaintiff thereunder.
Prior to the trial of this action, plaintiff’s motion for an injunction pendente lite was denied at Special Term (James C. O’Brien, J., memorandum of decision dated Nov. 5,1957).
There is very little material factual dispute in this suit brought to test the validity of the order or resolution in question. From the pleadings, the affidavit filed on the motion for an injunction pendente lite, the stipulations of the parties and the evidence produced upon the trial the following essential facts are found.
Plaintiff resides in the city of Auburn, New York, and is the owner of premises located at 17 Maple Street in said municipality, on which property he has been carrying on the business of curing, storing and selling animal hides since 1945.
Defendant City of Auburn is a municipal corporation, duly chartered by the State of New York, which carries on its governmental functions by a limited council with an appointive city manager under Plan C of the Optional City Government Law. *1049 The council acts as and constitutes the Board of Health of the city. (Auburn City Charter, art. X, § 119.)
Acting upon complaints of residents in the vicinity of plaintiff’s premises, the council sitting as the Board of Health held a public hearing on August 15, 1957 concerning plaintiff*’s operation of a “tannery”; following the public hearing and on October 10, 1957 the council acting as the Board of Health of the city adopted a so-called “ ordinance ”, which the parties have stipulated was in effect an order or resolution of the Board of Health. This order or resolution, after reciting certain findings adverse to good public health, declared the plaintiff’s use of the premises to be a public nuisance, enjoined and restrained plaintiff from continuing his business at 17 Maple Street and, by reference to an existing penal ordinance, prescribed that a violation of the order or resolution would constitute a misdemeanor and render plaintiff subject to a fine of not more than $50 or imprisonment for not more than 30 days, or both such fine and imprisonment, for each offense.
Plaintiff contends that the entire order or resolution is void because the penalty prescribed is beyond the power granted the Board of Health.
Defendant contends that the Board of Health acted within its police powers in making the order and adopting the resolution and that the order and resolution are valid and enforcible and binding upon the plaintiff.
Local boards of health have only such powers as are conferred upon them by State statutes and charters. A local board of health not only has the power but also the duty to declare the existence of a public nuisance and to take proper steps to suppress, remove and abate all nuisances and conditions detrimental to health within the city. (Public Health Law, §§ 1303-1307; Auburn City Charter, art. II, § 26, pars. 55, 63; People ex rel. Lieberman v. Vandecarr, 175 N. Y. 440; Village of Herkimer v. Potter, 124 Misc. 57.) However, the penalty imposed for a violation of an order or resolution of a board of health must comply with a specific governing provision of law and where a State statute limits the penalties to be fixed, the penalty of the order or resolution cannot exceed the statutory limit prescribed. (5 McQuillin on Municipal Corporations [3d ed.], § 17. 14; 37 Am. Jur., Municipal Corporations, § 164; 62 C. J. S., Municipal Corporations, § 657.) The Legislature of the State of New York has by statute limited the power of the local board of health to prescribe and impose a penalty for the violation of or failure to comply with an order or regulation of the local Board of Health *1050 to a civil penalty of not exceeding $100 for a single violation or failure, to be sued for and recovered by it in the municipality. (Public Health Law, § 309, subd. 1, par. [f].) The attempt of the council acting as the Board of Health to make a violation of the order or resolution in question a misdemeanor, rendering plaintiff subject to a fine and imprisonment, is on its face void and invalid.
However, the fact that the penal section or clause of the order or resolution is void does not in this instance invalidate the balance thereof. That part of the order or resolution which declares the business operations of plaintiff at 17 Maple Street to be a public nuisance and which enjoins and restrains plaintiff from carrying on his tannery business at that address is clearly separable and severable from the void penalty section. (6 McQuillin on Municipal Corporations [3d ed.], § 20.66; 62 C. J. S., Municipal Corporations, § 429; Gilchrest Realty Corp. v. Village of Great Neck Plaza, 275 App. Div. 962, affd. 300 N. Y. 619.) It is not necessary to have attached a penalty provision in order to render valid the determination of the Board of Health that the operations of plaintiff constitute a public nuisance. (Village of Carthage v. Colligan, 216 N. Y. 217.) The exscinded penalty clause leaves an order or resolution of the local Board of Health which is presumptively valid and enforcible, as it is well within their powers and duties.
It should be made clear that the determination of this action about to be made by this court in no way passes upon the question of whether or not the business operations of plaintiff constitute a public nuisance in fact. No proof was offered on that point as it was not an issue in this action. It seems that such an issue of fact could have been properly raised by the interposing of a counterclaim creating such an issue, had the defendant desired (New York Trap Rock Corp. v. Town of Clarkstown, 299 N. Y. 77); or, the plaintiff could have asked for an injunction based upon an allegation that his operations did not in fact constitute a public nuisance, had he so desired.
There are existing statutes and procedures, aside from the order or regulation in question, which afford means to law enforcement officials to prevent the maintaining of nuisances. The situation complained of by the Board of Health may be tested and dealt with, if the facts so warrant, by resort to the courts through criminal prosecution under the pertinent provisions of the Penal Law, or by injunctive process, or by an action to abate the alleged nuisance. (City of Newburgh v. Park Filling Station, 273 App. Div. 24, affd. 298 N. Y. 649; People ex *1051 rel. Copcutt v. Board of Health, 140 N. Y. 1; Village of Carthage v. Colligan, supra.)
It is concluded that plaintiff is entitled to a judgment declaring that the penalty clause of the order or resolution of the Board of Health of October 10, 1957 relating to the operation of a tannery at 17 Maple Street, Auburn, New York, is void and ineffective and permanently enjoining and restraining the defendant and all departments and officials thereof and all other persons from attempting in any way to enforce the provisions of the said penalty clause. Costs are awarded to plaintiff against defendant.
This is the decision of the court as contemplated by section 440 of the Civil Practice Act and appropriate exceptions to the decision of the court are allowed to each party.
Let judgment be entered in accordance herewith.