AMELIA L. SPIES, Appellant, *v.* EDGAR LOCKWOOD, as Trustee, et al., Respondents, Impleaded with Others.

APPEAL — REVERSAL UPON THE LAW AND FACTS — ORDER, NOT OPINION, CONTROLS.   An order of the Appellate Division, reversing upon the law and the facts where questions of fact are involved which that court has the power to review, is not reviewable by the Court of Appeals, and, although there may be an apparent conflict between the order and the opinion below, the order is controlling.

*Spies* v. *Lockwood,* 40 App. Div. 296, appeal dismissed.

(Argued December 20, 1900; decided February 5, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made May 5, 1899, reversing a judgment in favor of plaintiff entered upon the report of a referee, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James Harold Warner* for appellant.

*George A. Strong* for respondents.

HAIGHT, J.   This action was brought to set aside a bond and mortgage executed by the plaintiff and delivered to the defendant Lockwood, as trustee for certain other persons.

One Francis Spies, the husband of the plaintiff, was doing business in the city of New York under the name of Marcial & Co.   He procured from three bankers, John Monroe & Co., the Canadian Bank of Commerce and Kleinwort, Sons & Co., a number of letters of credit, giving for each as security the guarantee of the firm of Waydell & Co., also of the city of New York.   Spies died on the 21st day of June, 1893, leaving his estate insolvent.   Drafts were drawn under the letters of credit issued to him upon the banks to the amount of $71,534.37.   Waydell & Co. having been called

upon by the banks to provide for the payment of these drafts, applied to the plaintiff to assist, and she, thereupon, executed two bonds, one for $22,500 and the other for $7,500, and gave mortgages as collateral thereto upon her premises in the city of New York. The $7,500 bond and mortgage was given to Lockwood as trustee, he representing the banks who had issued the letters of credit upon which the drafts had been drawn. She now claims that the $7,500 bond and mortgage were procured from her by false and fraudulent representations; that she did not know the contents of the instruments; that they were executed without any consideration, and that she, at the time, was in poor health, suffering from nervous prostration, and was unable to comprehend the consequences of her acts. Issue was joined upon these allegations, and a trial took place before the referee. After the testimony had been closed the plaintiff applied to the referee for leave to amend her complaint so as to conform it to the facts proved by inserting the following: "That at the time when the plaintiff promised to pay $7,500 to the defendant Edgar Lockwood, the plaintiff and Edgar Lockwood intended that the said promise to be a promise to pay $7,500, part of any debt which John Waydell, Anderson Waydell and Frederick Waydell, a partnership doing business under the firm name of Waydell & Company, owed the other defendants; and plaintiff further alleges that on November 11, 1893, any debt which said Waydell & Company owed the said other defendants was paid in full, and that the answer to the second amended complaint herein be deemed amended so as to deny each and every of the aforesaid allegations, or in such other form as defendants may be advised." This motion was granted and an exception was taken by the defendants. The referee then rendered his decision finding against the plaintiff upon the issues previously raised by the pleadings, but in her favor upon the issues raised by the amendment allowed by him. The Appellate Division has reversed both upon the law and facts.

Numerous interesting legal questions are raised by the record in this case, but we are of the opinion that we have no juris-

diction to review them for the reason that the Appellate Division has certified that it reversed upon the facts, as well as the law. The Constitution has limited the power of this court to the review of questions of law only except in cases where the judgment is of death. We, therefore, have no power to review the facts and determine whether the reversal upon the facts was justified. It is true, we look into the record for the purpose of determing whether issues of fact were involved and as to whether they were brought up for review before the Appellate Division. (*Otten* v. *Manhattan R. Co.*, 150 N. Y. 395; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166.) If we find that there were facts involved which the Appellate Division had the power to review, our duties with the case are at an end, and we have no jurisdiction to proceed further.

In this case there were questions of law involved arising out of the construction that should be placed upon the various letters of credit issued by the bankers to Spies. But there were also questions of fact, and mixed questions of fact and law involved.

It is contended, on the part of the appellant, that the Appellate Division reversed upon the law and not the facts. It is true that in the opinion written, the power of the referee to amend the complaint upon the trial was the only question discussed, and that upon the motion for reargument, it is stated in a *per curiam* opinion filed by the court that it did not examine into the correctness of the referee's decision upon the facts. It must be conceded that there is an apparent conflict between this statement appearing in the opinion of the court and the order it has entered. But we have repeatedly held that we are bound by the order and not by the opinion written. If, however, we should take the statement in the opinion, that the court had not examined the facts, as true, it would not relieve the situation. If we should reach the conclusion that the Appellate Division improperly reversed upon the ground that the referee had allowed an amendment to the complaint it would not be fair to the respondent to have final

judgment ordered against him, fo. by so doing he would be deprived of his right to have the facts reviewed by the Appellate Division.

The appeal should be dismissed, with costs.

Parker, Ch. J., Gray, O'Brien, Landon, Cullen and Werner, JJ., concur.

Appeal dismissed.