THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* FRED FRUDENBERG, Appellant.

New York (city of) — public health — cleansing of bottles and
receptacles used in the transportation and delivery of milk —
provisions of Sanitary Code of New York city relating thereto
held to be reasonable and within the scope of the police power —
definition of "forthwith" and "immediately."

1. The words "forthwith" and "immediately" have the same
meaning. They are stronger than the expression "within a reason-
able time," and imply prompt, vigorous action, without any delay,
and whether there has been such action is a question of fact having
regard to the circumstances of the particular case.

2. The substitution of one word for another, as "and" for "or,"
is permissible in the construction of statutes and ordinances, and is
required if necessary to sustain an enactment that would otherwise
be void.

3. Section 183 of the Sanitary Code of New York city enacts that
no person shall receive or have in his possession any receptacle
which is used in the transportation and delivery of milk and cream
which has not been washed after holding milk or cream, or which is
unclean in any way. This provision is a fair, reasonable and appro-
priate exercise of the police power in its general scope and meaning.
It is designed to protect the public health, and should receive at
the hands of the court a liberal interpretation.

*People* v. *Frudenberg*, 155 App. Div. 199, affirmed.

(Argued May 19, 1913; decided October 21, 1913.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
February 7, 1913, which affirmed a judgment of the
Court of Special Sessions of the city of New York convict-
ing the defendant of a violation of section 183 of the
Sanitary Code of said city.

The facts, so far as material, are stated in the opinion.

*George W. Alger* for appellant. So much of the
ordinance as makes it a criminal offense for any per-
son to receive or have in his possession any receptacle

for use in the transportation and delivery of milk. or cream which has not been washed after holding milk or cream, or which is unclean in any way, is unconstitutional. (*Fischer Co.* v. *Woods,* 187 N. Y. 90; *Colon* v. *Lisk,* 153 N. Y. 188; *Wright* v. *Hart,* 182 N. Y. 344; *People* v. *Williams,* 189 N. Y. 139; *Ives* v. *S. B. Ry. Co.,* 201 N. Y. 271; *Lochner* v. *New York,* 198 U. S. 45.)

*Archibald R. Watson, Corporation Counsel* (*Herman Stiefel* and *William J. Millard* of counsel), for respondent. Section 183 of the Sanitary Code is a reasonable and valid exercise of the police power. (*Polinsky* v. *People,* 73 N. Y. 65; *Health Dept.* v. *Rector, etc.,* 145 N. Y. 32; *Matter of Jacobs,* 98 N. Y. 98; *People ex rel. Nechamcus* v. *Warden, etc.,* 144 N. Y. 529; *People* v. *Gillson,* 109 N. Y. 389; *City* v. *Marco,* 58 Misc. Rep. 225; *Lantry* v. *Hoffman,* 55 Misc. Rep. 261; 124 App. Div. 937.)

CUDDEBACK, J. Section 183 of the Sanitary Code of New York city, which has been ratified and confirmed by the city charter, and a violation thereof made a misdemeanor (L. 1901, ch. 466, § 1172), provides as follows:

Sec. 183. "It shall be the duty of all persons having in their possession bottles, cans or other receptacles containing milk or cream, which are used in the transportation and delivery of milk or cream, to clean or cause them to be cleaned immediately upon emptying.

"No person shall use or cause or allow to be used any receptacle which is used in the transportation and delivery of milk or cream, for any purpose whatsoever other than the holding of milk or cream; nor shall any person receive or have in his possession any such receptacle which has not been washed after holding milk or cream, or which is unclean in any way."

The ordinance is challenged by the defendant in this action as being in violation of the Constitution, for the

reason that the concluding clause thereof prevents the owner of a receptacle, which has contained milk, from reclaiming his property, if the receptacle is unclean. I think that is an unreasonable interpretation to put upon the ordinance.

The object of the enactment is in the highest degree commendable. When the receptacle containing milk is emptied, it quickly becomes foul and offensive, and will breed disease if used again as a milk container without being thoroughly cleansed. Therefore, it is provided that the receptacle must be cleaned immediately after it is emptied. That duty the ordinance first casts upon the person who has emptied the receptacle. If he fails to perform his duty, he is subject to the prescribed penalty. Then, in order to make the ordinance effective, it extends the duty of cleansing from the person emptying the receptacle to any person in whose possession it may come. The duty follows the change of possession.

The word "receive" in the final clause of the ordinance should not be construed so as to render the bare taking or acceptance of the receptacle unlawful. The words "nor shall any person receive *or* have in his possession" should be read "nor shall any person receive *and* have in his possession" any such unclean milk receptacle. The idea is to prevent a possession continued beyond the time necessary to do what the ordinance requires.

The substitution of one word for another, as "and" for "or," is permissible in the construction of statutes and ordinances (*People ex rel. Municipal Gas Co.* v. *Rice,* 138 N. Y. 151; *Roome* v. *Phillips,* 24 N. Y. 463) and is required if necessary to sustain an enactment that would otherwise be void. (*Camp* v. *Rogers,* 44 Conn. 291; *Kip* v. *Hirsch,* 18 Abb. [N. C.] 167; *Matter of Sugden* v. *Partridge,* 174 N. Y. 87.)

The ordinance allows sufficient time for its observance. The first sentence of section 183 requires the person who

has emptied the milk receptacle to clean the same *immediately*, and the sense of the final clause of the section is that the person who has taken the unclean receptacle into his possession shall also clean it *immediately*. "It is impossible to lay down any hard and fast rule as to what is the meaning of the word 'immediately' in all cases. The words 'forthwith' and 'immediately' have the same meaning. They are stronger than the expression 'within a reasonable time' and imply prompt, vigorous action, without any delay, and whether there has been such action is a question of fact having regard to the circumstances of the particular case." (*Reg.* v. *Justices of Berkshire*, L. R. [4 Q. B. Div.] 471; *Solomon* v. *Continental Ins. Co.*, 160 N. Y. 595.) This quotation expresses the law on the subject.

Section 183 of the Sanitary Code is designed to protect the public health, and it should receive at the hands of the court a liberal interpretation. In *Kruse* v. *Johnson* (L. R. [2 Q. B. 1898] 91), a very carefully considered case, the court spoke of the by-laws adopted by a public representative body as follows: "They ought to be supported if possible. They ought to be, as has been said, 'benevolently' interpreted, and credit ought to be given to those who have to adminster them that they will be reasonably administered. This involves the introduction of no new canon of construction." The court continued: "A by-law is not unreasonable merely because particular judges may think it goes further than is prudent or necessary or convenient, or because it is not accompanied by a qualification or an exception which some judges may think ought to be there."

The rule of liberal interpretation taken from the English case is in accordance with the decisions of this court and generally of the courts of the United States. (*People ex rel. Nechamcus* v. *Warden*, 144 N. Y. 529; *Health Dept.* v. *Rector, etc.*, 145 N. Y. 32; *People ex rel. Hill* v. *Hesterberg*, 184 N. Y. 126; 211 U. S. 31; *People ex*

*rel. Lieberman* v. *Vandecarr*, 175 N. Y. 440; 199 U. S. 552; Dillon on Municipal Corporations [5th ed.], § 646.)

In the case of *People ex rel. Lieberman* v. *Vandecarr* (*supra*) section 66 of the Sanitary Code was under consideration. Section 66 provided that "No milk shall be received, held, kept, offered for sale, or delivered in the city of New York without a permit in writing from the board of health, and subject to the conditions thereof." The relator's permit to sell milk had been revoked and his application for a second permit had been denied. The grounds of the revocation and of the denial of the second application were not set out by the relator. His argument was that the ordinance vested the board of health with absolute and despotic power to grant or withhold permits, and was in violation of the Constitution in many respects. This court said that "the well settled canon of construction permits of no such argument. It is presumed that public officials will discharge their duties honestly and in accordance with the rules of law." The substance of the decision was that the broad language of the ordinance should be interpreted as authorizing the exercise of a legal discretion by the board of health in granting or withholding permits, which was subject to review by the courts in particular cases.

Properly interpreted, section 183 of the Sanitary Code is not only a fair, reasonable and appropriate exercise of the police power in its general scope and meaning, but it is so in its application to the case at bar.

The defendant in this case was employed by a corporation to deliver milk in bottles to its customers, and it was his duty, when on his rounds, to collect the bottles that had been emptied by customers. Empty bottles so collected, and some of them dirty, the defendant, on the day in question, carried to a railroad depot and left them there upon the freight platform. A short time afterwards they were found loaded on a car. The inference is irresistible that the bottles were in the course of trans-

portation to the farm or dairy where the defendant's employer obtained milk.

The defendant's excuse is that the railroad platform was the place where he and other milk drivers received milk for distribution, and the place where they returned the empty bottles, and that the master employed another servant who assorted the bottles on the railroad platform and sent those that were unclean to a sterilizing plant about three miles distant to be cleansed. If the defendant had taken the bottles directly to the sterilizing plant, probably he would not have been interfered with, but he says it would have made "too much trouble" for the drivers to take them there. The defendant was undoubtedly performing the master's work in the way the master directed, but he is none the less liable on that account. The delivery at the railroad platform evinced at the best an intention on the part of the master to clean the bottles at his convenience and not immediately as the law required. The act was the act of the defendant, and for that he was properly convicted.

I recommend that the order and judgment appealed from be affirmed, with costs.

WILLARD BARTLETT, J. (dissenting). I dissent. I think that the last clause of the ordinance in question is manifestly unreasonable and, as construed by the Appellate Division, grossly oppressive.

It is unnecessary to commend the purpose of municipal legislation designed to insure the purity of milk furnished to the community. Of course the motives which induce such enactments are commendable. But the worthiest of motives does not legalize an unreasonable ordinance.

This enactment forbids the purveyor of milk from resuming possession of the bottles in which the milk has been furnished to the customer unless such bottles have been cleaned before they are taken back. The vendor is not given a reasonable time within which to clean them; he is not given any time at all. If he has such recepta-

cles in his possession which have not been washed after holding milk he is liable to fine and imprisonment no matter how short may be the duration of his possession, and although he proceeds to cleanse the bottles with the utmost celerity.    He may not *receive* them if they are unwashed.    It seems to me too clear for argument that such an ordinance deprives the milk dealer of his property without any neglect or wrongdoing on his part.    He cannot lawfully regain it unless the consumer over whom he has no legal control, has previously cleansed the receptacle in which the milk was furnished.

No doubt the ordinance could be reconstructed so as to be reasonable.    This has been attempted in the prevailing opinion.    It is the duty of the court, however, to pass upon the ordinance as it has been framed by those who enacted it.    In my judgment we are without power, however easy it might be, to make a good ordinance instead of a bad one.

For these reasons, I vote for a reversal of the judgment.

GRAY, CHASE and HOGAN, JJ., concur with CUDDEBACK, J.; CULLEN, Ch. J., concurs in result; WILLARD BARTLETT, J., reads dissenting opinion in which MILLER, J., concurs.

Judgment affirmed.