The People of the State of New York, Respondent, *v.* Soiefer Farms, Inc., Appellant.

First Department, May 7, 1937.

*J. M. Lonergan* of counsel [*Bogart & Lonergan,* attorneys], for the appellant.

*Ralph W. Thomas* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

Glennon, J. The defendant was convicted of a violation of section 159 of the Sanitary Code in the Municipal Term, sitting as a Court of Special Sessions, and was fined the sum of ten dollars. The charge as set forth in the information reads, in part, as follows: " That on the 23rd day of May, 1936, the said defendant on a truck at Delancey and Columbia Streets, Manhattan, did unlawfully have in his possession (11) receptacles used in the transportation or delivery of milk or cream; that the same had not been washed after holding milk and that same were then unclean." The cans referred to were collected by the driver of defendant's truck at different points in the lower part of Manhattan.

One Louis Hirschfield, inspector of foods in the department of health, said in substance that he found eleven unclean milk

cans on the defendant's truck at the corner of Delancey and Scammel streets on the date charged in the information, about eleven-forty A. M. When asked by the court to describe the specific conditions he said: " Well, they were unclean in that they contained particles of milk that dried on the inside of the can." Further, he testified in substance, that the driver had collected the cans from various storekeepers and was taking them back to the defendant's place of business at 473 Wortman avenue, Brooklyn.

The defendant called the driver of the truck. He testified, in substance, that he was on his way to defendant's sterilization plant. He said that the cans had been rinsed by the storekeepers and that the cans were not unclean. He was asked on cross-examination: " Q. Did you find milk on the inside? A. No sir; they were rinsed, but there is a little white around; they can't get them shining by rinsing."

One Abe Soifer, the secretary of the defendant, testified in effect that it was the practice of the company to sterilize all cans and bottles which were brought in from the route, before they are filled again with milk. The cans in question were concededly the property of the defendant.

The purpose of section 159, formerly known as section 183, is discussed by Judge CUDDEBACK. in *People* v. *Frudenberg* (209 N. Y. 218), as follows:

" The object of the enactment is in the highest degree commendable. When the receptacle containing milk is emptied, it quickly becomes foul and offensive, and will breed disease if used again as a milk container without being thoroughly cleansed. Therefore, it is provided that the receptacle must be cleaned immediately after it is emptied. That duty the ordinance first casts upon the person who has emptied the receptacle. If he fails to perform his duty, he is subject to the prescribed penalty. Then, in order to make the ordinance effective, it extends the duty of the cleansing from the person emptying the receptacle to any person in whose possession it may come. The duty follows the change of possession.

" The word ' receive ' in the final clause of the ordinance should not be construed so as to render the bare taking or acceptance of the receptacle unlawful. The words ' nor shall any person receive or have in his possession ' should be read ' nor shall any person receive and have in his possession ' any such unclean milk receptacle. The idea is to prevent a possession continued beyond the time necessary to do what the ordinance requires."

In upholding the conviction of the driver in that case, however, he said: " If the defendant had taken the bottles directly to the sterilizing plant, probably he would not have been interfered with,

but he says it would have made ' too much trouble ' for the drivers to take them there. The defendant was undoubtedly performing the master's work in the way the master directed, * * *. The delivery at the railroad platform evinced at the best an intention on the part of the master to clean the bottles at his convenience and not immediately as the law required."

We believe that upon the testimony adduced at the trial, coupled with the expression of opinion of the Court of Appeals through Judge CUDDEBACK, the justice presiding in the Municipal Term should have directed an acquittal of the defendant.

The judgment should be reversed, the information dismissed and the fine remitted.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment unanimously reversed, the information dismissed, and the fine remitted.