S. H. CRANSTON, INC., Plaintiff, *v.* DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK and YORKE TERMINAL WAREHOUSE, INC., Defendants.

Supreme Court, Special Term, Kings County, June 29, 1938.

*Otho S. Bowling,* for the plaintiff.

*William C. Chanler, Corporation Counsel [David I. Shivitz, Assistant Corporation Counsel,* of counsel], for the defendant department of health of the city of New York.

No appearance for the defendant Yorke Terminal Warehouse, Inc.

HOOLEY, J.  This is an action to procure a judgment enjoining the department of health of the city of New York from interfering with plaintiff in removing some 1,000 bags of cocoa beans from a warehouse in Brooklyn.

It appears that in the month of March, 1938, inspectors attached to the food and drug division of the department of health of the city of New York visited the Yorke Terminal Warehouse and found the cocoa beans stored therein.  An examination disclosed, and the court finds it to be a fact, that the beans were filthy and unfit for human consumption because of the excessive amount of webby, moldy material and deposits of worm and weevil excreta.  Embargo notices were served upon the warehouse, directing it not to remove any of the bags until the beans were made to conform with the provisions of the Sanitary Code and until they were released by an authorized representative of the department of health.

The beans appear to have been purchased by the plaintiff from the Yorke Terminal Warehouse late in the year of 1937.  Some time after the representatives of the department of health ascertained the condition of the beans, an attempt was made to ship a portion of them to Chicago.  This attempted shipment was stopped by the inspector of the department of health.  The plaintiff has attempted to obtain possession of the beans, stating that it intended to ship the same to England.  The officials of the health department have never threatened to destroy the beans, but have refused to permit the sale or removal of these cocoa beans in their present state.  They are willing to permit the plaintiff to separate the good beans from the bad or to denature the entire lot so that the same could not be used for human food.  Plaintiff contends that because it desires to export these cocoa beans to England, they should be rendered immune to the Sanitary Code regulations of the city of New York, and, secondly, that inasmuch as part of the beans were attempted to be shipped to Chicago at the time such shipment was stopped by the inspector of the department of health, that the plaintiff was then engaged in interstate commerce and no longer subject to the Sanitary Code regulations of the city of New York.

The Sanitary Code, section 163 (N. Y. Code of Ordinances, chap. 20, art. 9, § 163), provides in part as follows: " No meat, vegetables or milk not being then healthy, fresh, sound, wholesome or safe for human food  *  *  *  shall be brought into the City of New York or held, kept, offered for sale or sold as such food or

kept stored anywhere in the said City. * * * The term ' vegetables ' shall include any product, substance or article used as and for human food other than milk or meat." The cocoa beans herein unquestionably come within the definition of vegetables and for that reason they may be classed as a food within the purview of section 163 aforesaid and the sections of the Sanitary Code hereinafter mentioned. Section 138 of said Code makes the keeping of food *prima facie* evidence that it is held or kept for sale as human food. Section 137 grants power to the department of health to destroy any food unfit for human consumption.

The Supreme Court of the United States has decided that States and municipalities have the right to regulate the sale of food products within their borders to protect the health of citizens, even though · it may indirectly affect interstate and foreign commerce.

In *Crossman* v. *Lurman* (192 U. S. 189), which upheld the constitutionality of section 41 of the Public Health Law, now known as the Sanitary Code, the court (at p. 197) quoted from *Plumley* v. *Massachusetts* (155 U. S. 461, at p. 472): " ' If there be any subject over which it would seem the States ought to have plenary control, and the power to legislate in respect to which it ought not to be supposed was intended to be surrendered to the general government, it is the protection of the people against fraud and deception in the sale of food products. Such legislation may, indeed, indirectly or incidentally affect trade in such products transported from one State to another State. But that circumstance does not show that laws of the character alluded to are inconsistent with the power of Congress to regulate commerce among the States. For as said by this court in *Sherlock* v. *Alling* (93 U. S. 99, 103): " In conferring upon Congress the regulation of commerce, it was never intended to cut the States off from legislating on all subjects relating to the health, life and safety of their citizens, though the legislation might indirectly affect the commerce of the country. Legislation, in a great variety of ways, may affect commerce and persons engaged in it without constituting a regulation of it within the meaning of the Constitution. * * * And it may be said generally, that the legislation of a State, not directed against commerce or any of its regulations, but relating to the rights, duties and liabilities of citizens, and only indirectly and remotely affecting the operations of commerce, is of obligatory force upon citizens, within its territorial jurisdiction, whether on land or water, or engaged in commerce, foreign or interstate, or in any other pursuit." ' " The contention of plaintiff that the cocoa beans were about to be shipped to Chicago when the city's inspector stopped the shipment and that plaintiff now desires to

ship the beans to England can have no bearing on this case, because in the *Crossman* case (*supra*) the court said (at p. 200): " Further, the proof tending to show that coffee so adulterated and artificially colored as to be the convenient means of accomplishing fraud and deceit was in demand in some places outside the State of New York, could have no legitimate tendency to cause trade in the adulterated and fraudulently deceptive article to become legitimate commerce."

The provisions of the Sanitary Code are designed to protect the public health and such provisions should receive, at the hands of the court, a liberal construction. (*People* v. *Frudenberg*, 209 N. Y. 218.)

The cocoa beans in question are subject to the jurisdiction of the department of health of the city of New York. They are located within the city of New York. They have been so located for more than a year past. There is no certainty that if the plaintiff succeeds in this case, the beans may not at some later period be used for food within the city of New York. While there may be some pecuniary loss to plaintiff, it is to be remembered that the loss which it shall suffer must be derived from selling filthy and wormy cocoa beans to be used ultimately for human food somewhere.

Provisions of the Sanitary Code which provide for the destruction of food unfit for human consumption are salutary provisions. The public health generally would be promoted if local officials everywhere carried into effect the destruction of food unfit for human consumption within the local boundaries. It should not be the policy of public health officials anywhere to feel that they have done their duty merely by shifting the filthy and unwholesome food to some other locality. It is not unreasonable to require this plaintiff to separate the good beans from the bad or to denature the entire lot so that they might be used for purposes other than for human food.

In addition, if the city of New York shall illegally or unjustly destroy any property of plaintiff, plaintiff has an adequate remedy at law and an action in damages therefor under section 565 of the New York City Charter. Because the action of the department of health of the city of New York was just, legal and proper, and because the plaintiff has an adequate remedy at law, the complaint herein is dismissed upon the merits.