THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* THOMPSON & POTTER, INC., Respondent.

Argued October 19, 1942; decided December 3, 1942.

*William C. Chanler,* Corporation Counsel (*Paxton Blair* and *Fred Iscol* of counsel), for appellant.   In proving that the untagged oysters were in defendant's possession for five hours, so that defend-

ant had a reasonable opportunity to discover the facts, the People proved all that was required to secure a conviction. (*Bank* v. *People*, 91 N. Y. 5; *People* v. *Davis*, 56 N. Y. 95; *Matter of Cedar* v. *Judges of General Sessions*, 240 App. Div. 182; 265 N. Y. 620; *People* v. *Swift & Co.*, 286 N. Y. 64; *State* v. *Chadbourne*, 132 Me. 5; *People* v. *Frudenberg*, 209 N. Y. 218; *People* v. *Nixon*, 248 N. Y. 182.)

*Samuel M. Finkelstein* and *Simon H. Braunstone* for respondent. The People failed to sustain the charge contained in the information. (*People* v. *Timmerman*, 79 App. Div. 565; *People* v. *Foremost Butter & Egg Corp.*, 263 N. Y. Supp. 937.)

FINCH, J. The defendant was convicted by the trial court of having in his possession three bags of oysters received from a shipper who was not registered with the Department of Health as an approved shipper of shellfish into the city of New York. (Sanitary Code of the City of New York, § 164, subd. 2.) The Appellate Division reversed, upon questions of law, and dismissed the information.

Section 164 (subd. 2) of the Sanitary Code of the City of New York (Baldwin's New York Code of Ordinances, 1937 ed., p. 439) provides as follows: " (2) No dealer in shellfish or other foods shall purchase or have in his possession shellfish received from a dealer who is not the holder of a permit to sell shellfish at wholesale, or a shipper of shellfish registered in the manner hereinbefore referred to, for shipping shellfish into the City of New York."

The purpose of this ordinance is to protect the consumer against the danger of disease involved in eating shellfish taken from sources which are not approved by the health authorities.

Defendant is a wholesale commission house dealing as a broker in shellfish and has its place of business in the Fulton Fish Market in New York city. On the day specified in the information herein, forty shipments of shellfish were delivered before 6:00 A. M. when defendant opens its place of business. The market watchman admitted the shipments into the premises. Defendant's president and bookkeeper arrived about 6:00 A. M. but claim they had not completed their checking of these shipments by 11:00 o'clock because of the rush of business. An inspector for the Department of Health

found two of the bags of oysters mentioned in the information at 9:45 A. M. and the third at 11:00 A. M. Preceding each inspection the inspector from the Health Department inquired in effect whether defendant had any shipments from unregistered sources and was told " No." Defendant had a list of approved shippers in his office with which it was his duty to compare the tags on the bags and return goods not on the approved list.

The trial court found that defendant had violated the ordinance through carelessness in checking. Although the memorandum opinion of the Appellate Division proceeds upon the ground that the guilt of defendant was not established beyond a reasonable doubt, the order states the reversal to be on the law. In the event of inconsistency the latter is, of course, controlling. (Code Cr. Pro., § 543-a; *Spies* v. *Lockwood*, 165 N. Y. 481, 483.) Only questions of law being open upon this appeal, we pass at once to a decisive point in the case, *viz.*, the proper construction of the term " possession," as used in this ordinance.

Applying this ordinance to the subject-matter involved we find nothing unreasonable in construing the statute just as it is written, namely, that the mere receipt of shellfish into a dealer's premises constitutes " possession " within the meaning of section 164 (subd. 2). A contrary holding would render the enforcement of the Sanitary Code almost impossible and expose the consuming public to the very danger from which the Legislature sought to protect it. The construction here held does not impose an undue burden upon the dealer. Each bag of shellfish contains a tag with a stub setting forth the name, address and registration number of the shipper as well as the name and address of the dealer to whom consigned. To discover that a bag of shellfish comes from an unapproved source requires a dealer merely to compare the tag attached to the outside of the bag against a Health Department list of approved shippers which every dealer is required to keep. To allow contaminated shellfish to be mingled with a dealer's goods for any period of time involves the peril that the shellfish may be resold to the consuming public without detection by the health authorities, since it is shown that the turnover in this business is both large and immediate. This ordinance is a fair and appropriate exercise of the police power as applied to the subject-matter and is

designed to protect the public health. (*People* v. *Frudenberg*, 209 N. Y. 218.)

It may be added that this succulent item of food demands especial care for its well being and to protect the health of the consuming public from unwholesomeness and from disease. What we said in *People* v. *Swift & Co.* (286 N. Y. 64, 70) applies with force here: " Food laws are designed primarily, not for the punishment of the dealer, but for the protection of the consumer. In this field of law, the obligation to beware is on the seller rather than the buyer. Lack of proof of guilty intent does not satisfy that obligation."

The action of the trial court in increasing the severity of the penalty imposed upon defendant, allegedly because he learned that defendant's counsel contemplated taking an appeal, is urged upon us, but we do not find the record sufficiently clear to justify appropriate relief.

The order of the Appellate Division should be reversed and the judgment [of the Magistrate's Court of the City of New York, sitting as a court of Special Sessions, affirmed.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS and DESMOND, JJ., concur; CONWAY, J., taking no part.

Ordered accordingly.