

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 29, 1947

Honorable Geo. W. Cox, M.D.    Opinion No. V-227
State Health Officer
Texas State Board of Health    Re: Right of entry by State Health
Austin, Texas                       Officer into industrial estab-
                                    lishments and meaning of Sec-
Dear Sir:                           tion 19 of Article 4477-1,
                                    V.C.S., in that regard.

     Reference is made to your letter of April 17, 1947, in
which you request an opinion of this office answering the follow-
ing:

     "In Title 71, Article 4477-1, Section 19
(c), the Texas State Department of Health is
directed to make health and sanitary surveys
and studies of industrial establishments. It
would be appreciated if you would render us an
opinion as to whether this assignment of work
includes the right of entry into all industrial
establishments in Texas. It would also be ap-
preciated if you would provide us with a legal
definition of 'industrial' , as it is used in
Section 19. We realize there is some present
confusion relative to the extension of coverage.

     "Under the word 'industrial' we are spe-
cifically desirous to know whether or not this
would include all establishments maintaining
paid employees."

     Section 19 of Article 4477-1, Vernon's Civil Statutes,
is as follows:

     "Sec. 19. (a) No person, firm, corpor-
ation or other employer shall use, or permit to
be used in the conduct of <u>any business, manufac-
turing establishments or other places of employ-
ment</u>, any process, material, or condition known
to have any possible adverse effect on the health
of any person or persons employed therein unless
arrangements have been made to maintain the occu-
pational environment to the extent that such in-
jury will not result. Every <u>industrial establish-
ment</u> shall be continually maintained in a sanitary
condition. (Emphasis ours)

"(b)   The Texas State Department of Health
shall make available to the citizens of Texas cur-
rent information concerning minimum allowable con-
centrations of toxic gases and such environmental
standards as may pertain to the health and safety
of the employees of <u>industrial establishments</u> in
this state.

"(c)   The Texas State Department of Health
shall make health and sanitary surveys and studies
of <u>industrial establishments</u> including such special
items as water supplies and distribution, waste
disposal, adverse conditions caused by processes
which may be responsible for or cause ill health
of industrial workers.  Such Texas State Department
of Health shall bring to the attention of each sur-
veyed establishment a summary of the studies and
findings resultant thereof, together with any recom-
mendations which may be deemed necessary for the
adequate protection of the health, safety and well-
being of the workers."

All three sub-sections of Section 19 and Article 4420,
R.S. 1925 must be read and construed together.  Sub-section (a)
is a regulatory penal staute for the protection of the health and
safety of persons employed in places such as are enumerated in that
section.  The penalty for violation is fixed in Section 24.  Sub-
sections (b) and (c) charge the State Department of Health with
duty to make health and sanitary surveys and studies, as a fact find-
ing agency of the State.  Article 4420, R.S. 1925, is as follows:

"The members of the State Board of Health
or any person duly authorized by them, upon pre-
sentation of proper authority in writing, are
hereby empowered, whenever they may deem it neces-
sary in pursuance of their duties, to enter into,
examine, investigate, inspect and view any ground,
public building, factory, slaughter house, pack-
ing house, abattoir, dairy, bakery, manufactory,
hotel, restaurant and any other public place and
public building where they deem it proper to enter
for the discovery and suppression of disease  and
for the enforcement of the rules of the sanitary
code for Texas and of any health law, sanitary law
or quarantine regulation of this State."

The case of Leach vs. Coleman, 188 S.W. 2d., 220, (writ
refused) involved the question of the authority of a Health Officer
to enter and make inspections of a dairy barn.  After such inspec-
tion, the permit to sell milk was summarily revoked.  The Court of
Civil Appeals said:

"A health officer who is expected to accomplish any results must necessarily possess large powers and be endowed with the right to take summary action, which at times must trench closely upon despotic rule. The public health cannot wait upon the slow processes of a legislative body, or the leisurely deliberation of a court. Executive boards or officers, who can deal at once with the emergency under general principles laid down by the lawmaking body, must exist if the public health is to be preserved in great cities. Low v. Conroy, 120 Wis. 151, 97 N.W. 942, 66 L.R.A. 907, 102 Am. St. Rep. 983 (1 Ann. Cas. 341). It is well said in People (ex rel. Lieberman) v. Vandecarr, 175 N.Y. 440, 67 N.E. 913, 108 Am. St. Rep. 781: 'The vesting of powers more or less arbitrary in various officials and boards is necessary if the work of prevention and regulation is to ward off fevers, pestilence, and the many other ills that constantly menace great centers of population'".

We are of the opinion that Texas Department of Health, or any person authorized by it, may enter into all industrial establishments, manufacturing establishments or other places of employment in Texas, pursuant to their duties in making health and sanitary surveys for discovery and suppression of disease or enforcement of the health and sanitary codes of the State of Texas.

The term "industrial establishments" constitutes no limitation on the kind of place which may be entered, because of the all-inclusive language of the laws specifying the powers and duties of the Texas State Board of Health in the protection of the health and welfare of the people, expressly including persons employed in any "manufacturing establishment or other place of employment." (Emphasis added)

"Industrial" is defined as "relating to manufactures, or to the product of industry or labor", Words and Phrases, Vol. 21, p. 225. "Establishment", when not restricted by specific mention of some particular kind of establishment such as mercantile or other, means an "institution, place, building, or location." Words and Phrases, Vol. 15, p. 179.

Obviously, neither the Legislature nor this Department can write a definition which will cover each fact situation in detail, but we trust this will answer your question generally, and that you will call upon us for assistance on specific cases when necessary.

## SUMMARY

The State Department of Health is authorized to enter all industrial establishments and manufacturing establishments or other places of employment in the State of Texas to make health and sanitary surveys and studies under the provisions of Sec. 19, Art. 4477-1, V.C.S., and Art. 4420 R.S. 1925. The term "industrial establishment" means an institution, place, building or location related to manufactures or to the product of industry or labor.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/W.T. Williams
   W. T. Williams
   Assistant

WTW:jrb:wc


APPROVED
s/Price Daniel
ATTORNEY GENERAL