OPINION OF THE COURT
Alexander, J.
The issue on this appeal is whether defendants may be convicted under ECL 71-2715 (1) of attempting to cause another to unlawfully possess or dispose of hazardous wastes in the absence of any evidence of solicitation or attempted solicitation. For the reasons that follow, we conclude that it is not necessary that there be evidence of solicitation or attempted solicitation to establish a violation of this statute.
I
As indicated by the Appellate Division, the facts are essentially uncontroverted. Defendant J. R. Cooperage Co., Inc. is a corporation engaged in the business of recycling used steel drums for resale and defendant Gustave Rosenberg is its president. On December 13, 1983, a team comprised of representatives from the New York City Department of Environmental Protection and the New York City Fire, Police, and Sanitation Departments raided the defendants’ plant and seized 16 drums filled with a sludgy and viscous waste material. The drums were located both in and next to a refuse dumpster inscribed with the initials of the defendants’ commercial trash hauler, Red Ball Sanitation Service Corp. (Red Ball). Defendants’ business operation required the use of an oil separator located next to a pit which collected waste water and separated from it a thick, oily sludge. On the day of the raid, a damp shovel, a funnel and large and small drums were found near this pit. Defendant Rosenberg admitted to the *582 investigative team that some of the material in the open drums found in and adjacent to the dumpster might have been corrosive and that his employees "might have probably” put the drums in the dumpster by accident. Chemical analysis of the material in the oil separator and the drums revealed high ph levels, indicating a highly corrosive substance. It is undisputed that this material was hazardous waste governed by the provisions of ECL article 27.
Although defendants were notified two months before the raid that the waste generated by their drum cleaning processes contained hazardous waste materials, they never retained a licensed hazardous waste hauler. Instead, they continued to contract with Red Ball, which, as a class 1 commercial refuse remover, was not licensed to remove hazardous waste. Pursuant to their contractual arrangement, Red Ball collected refuse only in response to pickup orders routinely made by the defendants when the dumpster was full; it apparently deviated from this practice only once when its employee took it upon himself to pick up the defendants’ refuse after noting that the dumpster was filled to capacity. Additionally, under the terms of the contract, Red Ball could not refuse a pickup order, and indeed, in order to discontinue service, Red Ball was required to give two weeks written notice by registered mail. Red Ball’s employees were not required to inspect the contents of defendants’ dumpster before emptying it and in the ordinary course of business, drums placed adjacent to the dumpster were also collected.
Defendants were indicted and convicted, after a jury trial, of unlawful dealing in hazardous wastes in the second degree in violation of ECL 71-2715.[1] Supreme Court, interpreting the statute to require an actual or attempted solicitation, found the evidence legally insufficient to sustain the conviction and granted defendants’ motion to set aside the jury’s verdict. The Appellate Division reversed and reinstated the verdict. We now affirm.
*583 II
The Environmental Conservation Law regulates, through a comprehensive system of permits and manifests, the siting of hazardous waste facilities (ECL 27-1101 et seq.), inactive hazardous waste disposal areas (ECL 27-1301 et seq.) and hazardous waste management, which is the systematic control of the collection, source separation, transportation, processing, treatment, recovery and disposal of hazardous wastes (ECL 27-0900 et seq.). Under this system, hazardous wastes are identified and tracked from their generation to their disposal. (See, Weinberg, Practice Commentary, McKinney’s Cons Laws of NY, Book 171/2, ECL 27-0900.)
In 1981, recognizing the threat to public safety created by the unlawful disposal of hazardous wastes and the inadequacies of the sanctions then in effect, the Legislature created a comprehensive criminal enforcement scheme to increase the criminal sanctions for violations of these hazardous waste laws. (L 1981, ch 719, Governor’s Mem of Approval in 1981 McKinney’s Session Laws of NY, at 2617.) As part of that scheme, the Legislature amended the Environmental Conservation Law, establishing felony and misdemeanor offenses for the unlawful possession (ECL 71-2707, 71-2709), unlawful disposal (ECL former 71-2711, 71-2713)[2] and unlawful dealing in hazardous wastes (ECL 71-2715, 71-2717). The Legislature recognized the great danger to the public posed by hazardous waste, noting that "[t]he unlawful possession and disposal of hazardous wastes, with the long-term toxicity that is inherent in these substances, may pose a greater threat to the health and safety of the citizens of this State than street crime.” (L 1981, ch 719, Assembly Mem in support of amended bill.) The new criminal enforcement scheme was intended to deter violations of the State’s comprehensive hazardous waste laws "to the maximum extent practicable” and to make New York State an unattractive dumping ground for hazardous wastes generated out of State (L 1981, ch 719, Assembly Mem in support of bill; Governor’s Mem of approval).
Defendants challenge the Appellate Division’s reinstatement of the jury verdict convicting them of unlawful dealing in hazardous wastes in the second degree, a class A misdemeanor *584 in violation of ECL 71-2715 (1). Analogizing to the criminal solicitation statutes (Penal Law § 100.00 et seq.), as did Supreme Court, they argue that the statute prohibits only solicitation and therefore proof of a communication or an attempted communication is essential to conviction. Although it is undisputed that the People presented no evidence of such a communication, which, in this case, as noted by the Appellate Division, would have been a telephoned pickup order, the uncontroverted evidence established that defendants’ employees loaded heavy drums filled with material known to be hazardous waste into the dumpster regularly emptied by Red Ball. Nevertheless, defendants argue that the statute’s prohibition of "otherwise attempting] to cause” unlawful disposal or possession should be construed as referring only to attempts made by means of an actual or attempted communication. We agree with the Appellate Division that to adopt such a narrow and restrictive construction would irreparably undermine the purposes of the subject legislation and create an intolerable loophole in the system of environmental regulation created by the Legislature.
The statute, which prohibits any "attempt to cause” another to unlawfully possess or dispose of hazardous waste, imposes no requirement that the attempt be effected by means of an actual or attempted communication. Although, as defendants argue, application of the doctrine of ejusdem generis might suggest that the Legislature intended to limit the general phrase "otherwise attempt to cause” by the preceding specific terms of "solicit, request, command [or] importune”, the legislative history does not support this conclusion and we decline to adopt such a narrow construction when it so clearly conflicts with the obvious legislative purpose of the statute (see, Mark v Colgate Univ., 53 AD2d 884). To limit the phrase "otherwise attempt to cause” to attempts effected by means of an actual or attempted communication would create an intolerable loophole in a statutory scheme intended to comprehensively regulate hazardous wastes. This statutory scheme prohibits unlawful possession and disposal of hazardous wastes and, in ECL 71-2715, also prohibits unlawful dealing in the form of solicitation. To construe the statute’s added prohibition of "attempts] to cause” unlawful disposal or possession as prohibiting only actual or attempted solicitations would reduce the "attempt to cause” language of ECL 71-2715 (1) to a redundancy while effectively eliminating any other basis within this statutory scheme upon which to prosecute an *585 attempt to cause another to unlawfully possess or dispose of hazardous waste. Such a restrictive construction would do violence to the plain language and intended remedial purpose of ECL 71-2715 (1): to criminalize any attempt to cause another person to unlawfully possess or dispose of hazardous wastes (see, People v Frudenberg, 209 NY 218; see also, People v Ditta, 52 NY2d 657).
Nor is a more narrow construction of "otherwise attempt to cause” required because ECL 71-2715 (1) tracks the language of the criminal solicitation statutes (see, Penal Law §§ 100.00, 100.05, 100.10). Contrary to defendants’ argument, People v Lubow (29 NY2d 58) did not construe that phrase in the criminal solicitation statutes as prohibiting only attempted solicitations. Rather, we explained that the statutes, entitled "Criminal Solicitation”, prohibited solicitation, which consisted of a communication coupled with an intent that the other person engage in unlawful conduct (People v Lubow, 29 NY2d 58, 62, supra). We noted that, under the circumstances of that case, a failed attempt at communication also fell within the statutory proscription of "otherwise attempts to cause such other person to engage in such conduct” (id.). Our decision there does not foreclose a broader reading of "otherwise attempts to cause”. Moreover, even if a more narrow reading of "otherwise attempts to cause” might be appropriate when interpreting statutes aimed solely at criminal solicitation, it is not appropriate when the phrase is used in a public health statute such as ECL 71-2715 (1) intended to criminalize a broader range of conduct.
We conclude therefore that ECL 71-2715 (1) prohibits any attempt to cause another to possess or dispose of hazardous waste, whether or not the attempt was effected by means of an actual or attempted communication.
III
The only remaining issue is whether the evidence, when viewed in the light most favorable to the People (People v Montanez, 41 NY2d 53, 57), is legally sufficient to establish defendants’ guilt beyond a reasonable doubt. While Supreme Court purportedly applied this standard, it erred in its view that an actual or attempted communication is an essential element of unlawful dealing in hazardous wastes in the second degree. Having concluded that it is not, we agree with the Appellate Division that the defendants’ convictions are supported by legally sufficient evidence.
*586 Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed.

. ECL 71-2715 (1) prohibits unlawful dealing in hazardous wastes:
"No person shall:
"1. With intent that another person possess or dispose of hazardous wastes without authorization, solicit, request, command, importune or otherwise attempt to cause such other person to engage in such conduct”. Defendants were also indicted on the charge of unlawful dealing in hazardous wastes in the first degree in violation of ECL 71-2717. The jury, however, returned a verdict of not guilty on that count.

. Subsequent amendments to the ECL expanded criminal liability for the unlawful disposal of hazardous wastes, making it a crime to endanger the public health, safety or the environment by releasing hazardous substances into the environment (see, ECL 71-2710 — 71-2714).